REDMANN, Judge.
Appellant is a New Orleans police officer who seeks extraordinary sick leave under New Orleans City Civil Service Commission Rule VIII § 2.1(c) because of typhoid fever he claims to have contracted in line of duty.
On a prior appeal, 210 So.2d 585, this court held itself unable to make a factual determination in reviewing the Commission’s action, La.Const, art. 14 § 15(0) (1), and remanded the matter to the Commission.
The Commission had originally preter-mitted a finding of fact on the question of where appellant had contracted typhoid, because of its view that appellant was not entitled to extraordinary sick leave except for injury or illness resulting from “hot pursuit” in protecting life and property. We held that view too restrictive, and declared a policeman covered by the Commission Rule “whenever he is carrying out the official orders or requirements of his office.”
Thus we stated very broadly the law governing entitlement. But, because of the view of the case presented by the Commission’s original opinion and by appellant, we stated narrowly the factual issue. The general factual issue is, as it must be framed under our declaration of the law, whether appellant contracted his illness while “carrying out the official orders or requirements of his office.” We remanded, based on the narrower view of this case, for determination of “the factual question whether James G. Blanchard contracted typhoid fever while conducting an investigation on board a Chinese vessel, in the Port of New Orleans.”
On remand, no further evidence was introduced because no more was available. The Commission ruled against appellant, reciting as a finding of fact appellant “did not carry the burden placed by law upon him to establish by a preponderance of the evidence that the illness which so grievously beset him was contracted while he was on the Chinese vessel, S.S. Welly, nor that said illness resulted from his ingestion of water from an automatic water cooler while he was on board said vessel on the evening of December 2, 1966.”
While this statement might be construed as a finding of fact that (on the evidence presented) appellant did not contract the disease in the line of duty on the Chinese vessel, it cannot be construed as a finding of fact that (on the evidence presented) appellant did not contract the disease elsewhere in the line of duty. This defect may be partly our fault because, as noted, we stated the factual question narrowly although we had indicated quite expressly the broadness of the legal principle.
The record contains evidence that appellant’s principal duties were as a member of the vice squad, and those duties placed him regularly if not constantly in the seamiest areas of this great port city near the riverfront, checking on prostitution and B-drinking in bars and similar establishments.
If appellant contracted his illness in that area while discharging his duty he is entitled to the extraordinary sick leave.
The evidence in the record could never be said to establish with mathematical certainty, or even with moral certainty, that appellant contracted the typhoid (a) on the Chinese vessel; or (b) in the unfavorable riverfront bars and other territory he policed; or (c) at his or some acquaintance’s home, or a shopping center, or generally in the areas of the city he visited for non-duty reasons; or (d) in the Parish of St. Tammany, which he happened to visit during a time within the typhus incubation period. But the evidence, if believed by the Commission, shows appellant was no place else at a time he could have caught the disease, and thus shows he caught it in one of the four areas listed.
*718 We held in the first appeal that we do not have the authority to draw the factual conclusion. The commission may make the factual conclusion that, by a preponderance of the probabilities shown by the record, the typhoid was contracted either on appellant’s riverfront beat or on the Chinese vessel (rather than in the other areas of the city or in St. Tammany Parish). Or the Commission may draw the conclusion that, by a preponderance of the probabilities shown by the record, appellant did not contract his illness while on duty along the riverfront or on the Chinese vessel (but in some other area of the city or in St. Tammany). But it is the Commission’s function to make a factual finding, and to award or deny sick leave accordingly.
This matter is therefore remanded to the Civil Service Commission of the City of New Orleans for the necessary factual determination and the award or denial of sick leave depending on whether the typhoid was contracted while on duty.
Remanded.