BLANCHE, Judge.
This is an appeal taken by plaintiffs-appellants from the dismissal of their appeal by the Louisiana Civil Service Commission (hereinafter referred to as “Commission”). The factual situation involved in this litigation and the Commission’s findings of fact are reproduced below:
“Appellants are employed with permanent status as Bridge Tenders by the Department of Highways. On January 3, 1972 appellants filed a notice of appeal.
“The action complained of is a letter dated December 14, 1971 from J. H. Drake, Chief Maintenance and Operating Engineer, to counsel for appellants in which it is represented that the bridges in which the appellants work do not open in excess of 75 times a month *488 and accordingly, appellants are not entitled to the benefits of the work week established by the Department of Highways for those bridges that do open 75 times a month, i. e., a work week of 6 days per week of eight hours per day.
“Appellants represent in their appeal that the bridges do open well in excess of 75 times per month; that they have therefore been required to work 12 hours per day 6 days per week, or a total of 24 hours a week in excess of the work week approved; and that they have been discriminated against by not receiving treatment similar to tenders of other bridges.
“Appellants ask that the rule be applied by the Highway Department without discrimination; and that Appellants be granted overtime pay for those hours previously worked in excess of the approved work week, or, alternatively that they be granted compensatory leave.
“FINDINGS OF FACT:
“1. Appellants work as tenders on the following bridges across the Vermilion River:

"Abbeville Bridge (Control Unit 55-06)

Thomas Meaux — tender
Aides Trahan — tender
Dave Stelly — relief tender

"Abbeville By-Pass Bridge (Central Unit 55-30)

Abel C. Landry — tender
Adias Monteaux — tender
Dave Stelly — relief tender
(Dave Stelly also works as relief tender on Perry Bridge)”
“2. Appellants have worked 6 days per week, 12 hours a day, and have been instructed by their Supervisor, Mr. Leo Bergeron, that if no bridge openings are required by river traffic in a previous 24-hour period, they are to open the bridge for trial to ascertain that all mechanism is working properly.
“3. According to the testimony of Thomas Meaux, as corroborated by other appellants, if no. traffic had passed in the previous 5-6 hours prior to their midnight tour, appellants had determined on their own initiative to make trial openings.
“4. Examination of the actual logs of bridge openings reveals the following:
“a. Bridge openings on the By-Pass bridge (55-30) have averaged in excess of 75 times a month since June 1, 1971, for actual traffic — not including trial openings. Specifically, for the month of December, 1971, that bridge opened 83 times for river traffic.
“b. Bridge openings on Abbeville bridge (55-06) have not exceeded 75 times a month for actual traffic. When trial openings are included, some previous months would exceed 75 total openings. Specifically, however, we find that many trial openings were unnecessary according to Highway Department verbal instructions, i. e., there had been actual traffic openings in the previous 24-hour period. During the month of December 1971, the bridge opened 43 times for traffic, 15 times for authorized trial openings, and 22 times for unnecessary trial openings. (Bridge had been opened in prior 24-hour period).
“5. By letter dated July 27, 1966 from Department of Highways to the Director of Personnel, Department of State Civil Service, the Department of Highways prescribed the following work week:
“a. Tenders on bridges opening 31 to 75 times per month — 12 hours per day, 6 days per week.
“b. Tenders on other bridges — 8 hours per day, 6 days per week.” (Opinion of Louisiana Civil Service Commission, Record, pp. 12, 13)
Notwithstanding the (Specific finding of fact by the Commission that the Abbeville By-Pass Bridge (Central Unit 55-30) has *489 averaged in excess of 75 openings per month since June 1, 1971, all of which were for actual river traffic, nevertheless, the Commission held that it could properly only consider one 30-day period, or only the month of December, 1971, as follows:
“In accordance with Civil Service Rules, any action against an employee is subject to appeal within thirty (30) days after the action is taken, or the employee learns of it. Any excess in a work week occurring more than thirty (30) days prior to the taking of these appeals is no longer appealable. Our analysis of the bridge openings and the necessity for them has been limited to this period of time.” (Opinion of Louisiana Civil Service Commission, Record, p. 14)
The Commission then concluded that this one month of excessive bridge openings did not constitute a sufficient actuarial to entitle the appellants employed on that particular bridge to a 48-hour work week as distinguished from a 72-hour work week, as follows:
“The Abbeville By-Pass Bridge (55-30) was opened more than 75 ‘authorized’ times in December, 1971. If the month of December, 1971, be isolated and the work week and pay status of the bridge tender employees be determined on the basis of openings in that month, than, obviously, the activity on the bridge was sufficient to accord them the status of a 48 hour work week (8-hours per day, six days per week). If the month of December, 1971 is not to be isolated, and if the change of the work week from a 72 hour one (12 hours per day, 6 days per week) to a 48 hour one is to be affected only upon an enlargement in the number of openings beyond 75 per month over some longer period of time, this has not been made clear by the Department of Highways to its employees who are involved.” (Opinion of the Louisiana Civil Service Commission, Record, p. 14)
We do not agree with this analysis and procedure utilized by the Commission. The Commission cannot, on the one hand, find as a fact that the bridge in question has averaged in excess of 75 openings per month for the months of June, July, August, September, October, November and December, 1971, and then, on the other hand, by deciding to limit its consideration only to the one-month period, properly conclude that the affected appellants have failed to demonstrate their entitlement to a 48-hour work week instead of a 72-hour work week on the basis of the July 27, 1966, directive prescribed by appellants’ employer. We consider this disposition by the Commission comparable to a refusal to make a factual decision on the merits, such as was encountered in Blanchard v. New Orleans Police Department, 210 So.2d 585 (La.App. 4th Cir. 1968), writ refused, 252 La. 847, 214 So.2d 165, appeal after remand, 233 So.2d 716, wherein a remand of the proceedings was ordered by the Court.
Appellants herein also complain of the refusal by the Commission to allow them to present evidence relative to work schedules of bridge tenders other than appellants in the same category as appellants, in order to support appellants’ contention of unjustified discriminatory treatment. We likewise find merit in this specification of error. The record shows that appellants were precluded from offering testimony concerning treatment accorded bridge tenders on the Perry Bridge, another bridge located in the vicinity of the bridges in question herein. (Record, pp. 37, 38) The Commission in its opinion then ruled that appellants had failed to support their contention of discrimination and that the record was barren of any evidence that any other bridge tender employees have received any different treatment:
“These employees have contended that they have been ‘discriminated’ against by the Department of Highways in its application of the work week rules. The record is barren of any evidence that *490 any other bridge tender employees have received any different treatment.” (Opinion of the Louisiana Civil Service Commission, Record, p. 14)
It is properly urged by counsel for appellants that the reason the record is barren of such evidence was the refusal of the Commission to hear the evidence tendered. It is clear that an employee must be afforded a full, complete and fair hearing before the Civil Service Commission, and the reviewing court, in the exercise of appellate review of the Commission’s findings, has the duty to insure that the employees shall be afforded such full, fair, complete and unrestricted opportunity to establish any material issue properly raised, Heno v. Department of Labor, Division of Employment Security, 171 So.2d 270 (La.App. 1st Cir. 1965). Inasmuch as appellants were not afforded such rights and opportunity, these proceedings must likewise for this reason be remanded.
The Commission opined that the Department of Highways’ directive is unclear and does not provide an understandable guide to the procedure by which a change in the number of monthly openings shall affect the work week of the employees tending the bridges. If this be true and if the directive of the appointing authority be so vague and indefinite as to admit of no reasonable application or administration, then it would appear that the exemption to the 40-hour work week permitted by the Louisiana Constitution and by the Louisiana Civil Service Commission in Rule 11.1(b), insofar as this particular matter is concerned, is unwarranted and requires that the full-time employees enjoy a 40-hour work week, as provided by Commission Rule 11.1(a). As we pointed out in Meaux v. Department of Highways of the State of Louisiana, 228 So.2d 680, 688, 689 (La.App. 1st Cir. 1969), writ refused, 255 La. 288, 230 So.2d 590, Commission Rule 11.1(b) does not delegate an arbitrary power to the appointing authority, and if a directive by the appointing authority purports to establish an exemption to the 40-hour work week which is so arbitrary, it is unconstitutional.
For the foregoing reasons, the ruling of the Civil Service Commission is hereby annulled, vacated and set aside, and this matter is remanded to the Civil Service Commission for further proceedings and hearing consistent with the views expressed herein.
Reversed and remanded.