WATSON, Judge ad hoc.
This is the second appeal from a decision of the Louisiana Civil Service Commission in this matter.
On the previous hearing by this court, the ruling of the Commission was reversed; and the matter was remanded for further proceedings. See Meaux v. Department of Highways of the State of Louisiana, 274 So.2d 486 (La.App. 1 Cir. 1973). Only two employees of the Department of Highways, Thomas Meaux and Aides Trahan, are now appealing; we will confine our review to these two individuals, and the pertinent findings of fact and other matters which relate to them. The other parties’ claims were resolved by the Commission' in a manner favorable to them.
Meaux and Trahan, hereafter referred to simply as appellants, are employees of the Department of Highways with permanent status as Bridge Tenders on the Abbeville Bridge, which is referred to by the Department as Control Unit 55-06. Their duties include the responsibility for opening and closing the bridge which is located on the Vermilion River.
*884 This matter revolves around the question of how many times per month the bridge was opened, being the determinative factor in establishing the work week of appellants under a Highway Department directive.
This litigation originated January 3, 1972, when appellants filed a notice of appeal concerning a letter from J. H. Drake, Chief Maintenance and Operating Engineer of the Department of Highways, dated December 14, 1971, directed to counsel for appellants, advising that the bridges on which appellants worked did not open enough times per month to entitle appellants to a work week of forty-eight hours, made up of six days a week, eight hours per day.
After a hearing the Civil Service Commission filed an opinion on June 11, 1972, reciting certain findings of fact and denying the appeal. Appellants then appealed to this court which reversed and remanded. On April 3, 1973, the Commission held a hearing on the remand, allowing appellants complete freedom to introduce any additional evidence and testimony they desired to present.
The Commission made findings of fact which will be reproduced, in pertinent part, below.
“FINDINGS OF FACT
******
“2. Appellants have worked 6 days per week, 12 hours a day, and have been instructed by their supervisor, Mr. Leo Bergeron, that if no bridge openings are required by river traffic in a previous 24-hour period, they are to open the bridge for trial to ascertain that the mechanism is working properly.
“3. If no traffic had passed in the 5-6 hours prior to their midnight tour, appellants had determined on their own initiative to make trial openings.
“4. Examination of the actual logs of bridge openings reveals the following:

“b. Bridge openings on Abbeville bridge (55-06) have not exceeded 75 times a month for actual traffic. When trial openings are included, some previous months would exceed 75 total openings. Specifically, however, many trial openings were unnecessary according to Highway Department verbal instructions to appellants, i. e., there had been actual traffic openings in the previous 24-hour period. During the month of December 1971, the bridge opened 43 times for traffic, 15 times for authorized trial openings, and 22 times for unauthorized trial openings (bridge had been opened in prior 24-hour period).
“5. By letter dated July 27, 1966, from Department of Highways to the Director of Personnel, Department of State Civil Service, the Department of Highways prescribed the following work week:
“a. Tenders on bridges opening 31 to 75 times per month — 12 hours per day, 6 days per week.
“b. Tenders on other bridges (over 76 openings per month — 8 hours per day, 6 days per week).
“6. The letter from the Highway Department describing the hours of work dated July 27, 1966, was unclear and did not provide an understandable guide or positive dates for review of the traffic count on each bridge to determine if a change in the work week was needed. This has been remedied by a revision submitted September 7, 1972, to this Commission and approved October 4, 1972. Even though this revision *885 result of a directive came as a from this Commission in its first opinion, it does not cover procedures prior to the date of its approval.
“7. The bridge tenders on Perry Bridge (Control Unit 194-7) Vermilion River, each work a 48-hour week in
January 1, 1970 thru December 31, 1970 Abbeville Bridge (55-06) Abbeville By-Pass Bridge (55-30) Perry Bridge (194 — 7)
January 1, 1971 thru December 31, 1971 Abbeville Bridge (55-06) Abbeville By-Pass Bridge (55-30)
Perry Bridge (194 — 7)
January 1, 1972 thru December 31, 1972 Abbeville Bridge (55-06) Abbeville By-Pass Bridge (55-30) Perry Bridge (194 — 7)
“Since the Highway Department in its establishment of the work week for each bridge did not set any specific time for review of the bridge openings in order to determine if an adjustment of work weeks may be necessitated because of changes in number of bridge openings and since the Commission has been directed by the Court of Appeal to dispose of this matter, this Commission is constrained to do so. We further find that:
“1. During the 30 days prior to this appeal; in fact, during the entire period from January 1, 1970, through December 31, 1972, the actual traffic openings on the Abbeville Bridge (55-06) have never exceeded an average of 75 openings per month. This would call for a 6-day, 12-hour per day work week which has been adhered to. 8-hour shifts, 6 days a week — utilizing three full-time tenders plus a relief tender during a 7-day week (because traffic openings exceed 76 per month).
“8. The annual average openings for river traffic of the three bridges were as follows:
Average Monthly Traffic Openings
■ 49
42
93
55
* 75 (* average for last 6 mos. of ’71 — 104)
99
71
86
103

“We direct, therefore, that appellants Thomas Meaux, Aides Trahan and Dave Stelly (for the portion of time worked on the Abbeville Bridge (55-06) have failed to show any misapplication by the Highway Department of its directive or any discrimination whatsoever. Their appeals are, therefore, denied.”
Most significant is the Finding of Fact 4b. Here the Commission determined as a fact that the Abbeville Bridge openings have not exceeded seventy-five times per month for actual traffic. However, the Commission also determined that, if trial openings are included, some of the months would exceed seventy-five total openings. The Commission proceeds to discount the trial openings because some of them were unnecessary, but the Commission does not establish which were authorized and which were not authorized.
*886 We remanded for a determination, if possible, by the Commission of the number of authorized openings of this bridge. Apparently, the Commission is unable to make this determination. The factual conclusion reached, that is, that the authorized openings did not exceed seventy-five are inconsistent with the other determination that when trial openings are included (some of which were authorized) the openings exceeded seventy-five in some months. In order words, the findings of the Commission refute their conclusions. We are compelled to reverse the inconsistent conclusions.
Also significant is Finding of Fact 6., where the Commission finds that the Department of Highways’ regulation is unclear and does not provide an understandable guide for review of the traffic count on each bridge to determine if a change in the work week is needed. We conclude that, since the Commission is unable to determine the number of necessary or authorized openings, and, since the directive of the Department of Highways is unclear, then the exemption to the work week permitted by the Louisiana Constitution and by the Louisiana Civil Service Commission in 11.1(b), insofar as these particular appellants are concerned, is unwarranted.
For these reasons, the Department of Highways is ordered to recalculate the compensation due Thomas Meaux and Aides Trahan and grant them payment according to Civil Service rules, either in compensatory leave or overtime pay, for all hours worked over forty-eight hours per week from December 3, 1971, until October 4, 1972, the latter date being the date of approval by the Commission of the new work week plan for the Department of Highways, which has clarified the method of work week calculation.
All such costs as are payable by law are taxed against the State Department of Highways.
Reversed and rendered.