256 So.2d 747 (1971)
Max J. HEINBERG
v.
DEPARTMENT OF EMPLOYMENT SECURITY of the State of Louisiana.
No. 8616.
Court of Appeal of Louisiana, First Circuit.
December 20, 1971.
Rehearing Denied January 31, 1972.
Writ Refused March 8, 1972.
*748 Sidney F. Rothschild, and J. B. Kiefer, of Graham, Graham & Kiefer, New Orleans, for appellant.
Marion Weimer, James A. Piper, James R. McGraw, Attys., Dept. of Employment Security, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
*749 LANDRY, Judge.
Max J. Heinberg appeals his dismissal from the permanent status position of Employment Security Interviewer Trainee by his employer, the Department of Employment Security of the State of Louisiana (Department). We affirm.
The pivotal issue herein is whether unchallenged sub-standard service ratings of a permanent status employee may per se serve as the basis of dismissal.
Appellant, who is afflicted with cerebral palsy, was engaged by the Department as a probationary employee in the aforementioned capacity on an undisclosed date prior to April 1, 1969.
Rule 10 of the Rules of the Civil Service Commission of the State of Louisiana (Commission) provides a comprehensive system of service rating for all state employees in the classified service. Section 2(a) of Rule 10 provides that the appointing authority of each department shall as of March 31, 1956, and annually thereafter, have a service rating made of each permanent employee who has worked 90 days or more in the class of position he occupies. Rule 10, Section 6, provides that there shall be only three alternate ratings, namely, "outstanding", "standard", or "substandard." Section 3 of Rule 10 states that thirty days written notice shall be given the employee of the rating received.
The right of appeal from a sub-standard rating is accorded by Section 4, Paragraphs (a) and (b) of Rule 10, which read as follows:
(a) An employee who has received an official service rating of "sub-standard" and who desired to have the rating reviewed must, within 30 days of the official notification to him of such rating, first appeal in writing to his appointing authority giving reasons why he is dissatisfied with the rating.
(b) When an employee who has been assigned a "sub-standard" service rating appeals to his appointing authority for a review of the rating, a hearing on the rating shall be granted and held before the appointing authority, his designated agent, or agents. The employee shall be given an opportunity to be heard and to call witnesses and introduce other evidence in his behalf. Within fifteen days following the hearing the appointing authority, agent, or agents shall render a written decision sustaining or modifying the rating which has been appealed and shall furnish the employee a copy of such decision.
The effect of a sub-standard rating is provided for in Section 8, paragraphs (a) and (b) of Rule 10 which states:
(a) When an employee receives a "sub-standard" service rating, he becomes ineligible for promotion or salary increase until he receives a higher rating. On or after June 30 but not later than September 30 of each rating year the appointing authority shall cause each employee who has a "sub-standard" rating to be rerated and shall notify the Director of the new rating.
(b) In addition to the penalties provided in (a) hereof an employee with a "sub-standard" rating may be subjected to any of the penalties set forth in Rule 12.1.
Rule 12.1, entitled Disciplinary Action, authorizes an appointing authority to take appropriate action to remove, suspend, demote, reduce in pay, reassign or reprimand an employee for cause.
On August 21, 1969, appellant received a sub-standard rating. On August 27, 1969, the sub-standard rating was revoked and appellant granted permanent status. When rated for the period ending March 31, 1970, appellant received another sub-standard rating. Conformably with Rule 10.8(a) appellant was rerated June 28, *750 1970, and again classified as sub-standard. It is conceded that appellant did not appeal either of the two latest sub-standard ratings. Appellant's superior, Beverly I. Dunkin, duly notified Bruns D. Redmond, Manager, of the sub-standard ratings. Redmond, in turn, notified John J. Killeen, Acting District Supervisor, and recommended appellant's dismissal. Killeen concurred in Redmond's recommendations and wrote F. C. Doyal, Jr., Administrator, to that effect. Doyal dismissed appellant by letter dated August 21, 1970.
All of the sub-standard ratings received by appellant were for substantially the same reasons. In substance they recite that appellant's cerebral palsy affects his motor coordination and speech to the point that appellant's written and oral communications are difficult to understand. It is charged that appellant's writing is illegible, and that documents written by appellant to other agencies have been returned because they could not be understood. It is further alleged that appellant has to be asked to repeat his words several times thus requiring excessive time to accomplish even the simplest taks. The ratings, in effect, acknowledge appellant's heroic attempts to overcome his defects, but note that appellant has not achieved the degree of oral and written communicative ability required of an effective E. S. Interviewer Trainee. One of the reports accuses appellant of an excessive amount of absence and tardiness in arriving at work. The final rating concedes some improvement on appellant's part, especially as regards absence and tardiness. The last report, however, states that appellant's infirmities do not permit of his functioning at the level required for the accomplishment of his duties and recognizes that appellant's inability to properly function is beyond appellant's control. At the hearing granted appellant before the Commission, appellant sought to show that the employer knew of appellant's condition when appellant was engaged. Appellant also attempted to establish that his condition had not deteriorated, but rather had improved, and that his dismissal was without cause. The Commission declined to hear the testimony on the ground that the sub-standard ratings were no longer open to question or attack. So holding, the Commission concluded appellant had no right of appeal and invoked its authority to summarily dismiss the appeal pursuant to Commission Rule 13.14(a) 2 and (d), which read in pertinent part as follows:
"13.14 Summary Disposition of Appeal:
(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
2. That the appellant has no legal right to appeal.
(d) The Commission, on its own motion, may at any time summarily dispose of an appeal on any of the grounds listed in Sub-section (a) hereof or in accordance with the provisions of Rule 13.19(e)."
The Commission found: (1) the appointing authority based appellant's discharge on the two unsatisfactory ratings for the periods April 1, 1969, through March 31, 1970, and April 1, 1970, through June 30, 1970; (2) appellant, having failed to appeal the sub-standard ratings within 30 days as provided for in Rule 10.4, was deemed to have acquiesced therein; (3) appellant's appeal seeks only a review of the bases for the sub-standard ratings; (4) appellant's continued unsatisfactory service ratings justified dismissal; (5) having failed to timely appeal the sub-standard service ratings, appellant is now legally barred from seeking a review thereof, and (6) under Rule 13.14(d) appellant has no legal right of appeal and the Commission is without jurisdiction to hear the matter.
It is well settled that the rules of the Commission have the force and effect of law. La.Const. Article 14, Section 15(I). The rules of the Commission have the dignity of law and must be enforced when adopted pursuant to constitutional authority *751 and when their enforcement will not violate basic constitutional rights. Perkins v. Director of Personnel, La.App., 197 So. 2d 116; Guillory v. State Department of Institutions, Louisiana State Penitentiary, La.App., 219 So.2d 282.
Interpretation of the Commission's rules is a question of law which may be considered by the courts of appeal. Bonnette v. Louisiana State Penitentiary, Dept. of Institutions, La.App., 148 So.2d 92. The alleged unconstitutionality of the Commission's application of its rules is likewise a question of law which may be reviewed by the courts on appeal from the Commission's rulings thereon.
La.Const. Article 14, Section 15(I), and the above cited authorities, authorize the Commission to adopt rules for the orderly administration of the Civil Service Amendment which protects the tenure of classified employees as defined therein. Unquestionably the Commission is a quasijudicial body. So long as the Commission's rules are reasonable, and do not violate basic constitutional rights, they must be recognized and enforced by the Courts.
Appellant maintains that his constitutional due process right to a hearing was denied herein because the Commission refused him his day in court by declining to consider the evidence he sought to tender. Appellant also contends that the Commission's ruling is invalid in that the Commission failed to make a finding of facts as required by La.Const. Article 14, Section 15(O) (1), and denied appellant opportunity to discharge the burden of refuting the charges against him as required by La.Const. Article 14, Section 15(N) (1). Appellant further contends the rule requiring appeal of a sub-standard rating places the employee in the untenable position of having to challenge his rating superior rather than relying upon his ability to improve performance prior to the next rating date. Finally, appellant argues that the rules, as interpreted by the Commission, penalize the employee for taking an appeal, and also that the ruling is arbitrary.
The charge of denial of due process is patently without merit. Under the Commission's rules, appellant was clearly entitled to his day in court to challenge the sub-standard ratings received. Appellant was given due notice of the adverse ratings and could have appealed therefrom. Had appellant appealed the ratings timely, he would have been entitled to an opportunity to produce whatever proof he had available to discharge the burden of establishing that the unfavorable ratings were undeserved. Having failed to avail himself of an adequate remedy, appellant now has no ground for complaint on this score.
The Commission's determination that its applicable rules are to be interpreted to mean that an unappealed sub-standard rating becomes final and binding is both reasonable and proper. We readily discern that such interpretation lends itself to the orderly administration of the Civil Service Amendment. It promotes the finality of administrative findings and decisions under circumstances which protect the basic rights of employees.
We likewise find no merit in the argument that requiring an employee to appeal an unfavorable rating places the employee in an untenable position. The reasoning in this regard is that the employee is compelled to choose between an appeal and the possibility of his subsequent improvement within the next rating period, provided the sub-standard rating does not result in immediate dismissal. The inference seems to be that the employee who takes an appeal from a sub-standard rating may incur the wrath of his rating authority, thus penalizing him for exercising the right of appeal.
The argument is without foundation. The right of appeal to the rating authority is expressly given the employee. If the employee feels aggrieved by the action of his rating authority, on appeal he may *752 apply to the Commission for a review thereof. La.Const. Article 14, Section 15(O) (1). The Commission's determination is then open to review by the Courts in conformity with the provisions of La. Const. Article 14, Section 15(O) (1). Should appellate determination find the action of the appointing authority improper or unfounded, it will be set aside and full restoration of the employee's rights be ordered on appeal to the Commission and the Courts. Should the appointing authority itself rescind a sub-standard rating and withdraw its recommendation for disciplinary action based thereon, the employee need have no fear of subsequent harassment, discrimination or intimidation. The Commission and the Courts are open to the employee in need of relief from the actions of his appointing authority in this regard.
In substance the Commission's rules provide that a sub-standard rating may be ground for outright dismissal if such action is warranted in the opinion of the appointing authority. With this interpretation, we agree. We believe it elementary that inability to properly perform one's prescribed duties is just cause for dismissal of a classified employee. We also find that the Commission's rules so providing are reasonable and violate no constitutional right, provided the rules are applied without bias, favoritism or discrimination. No such charge is made in this instance.
We also find no merit in the argument that the Commission has failed to make a finding of fact as required. The Commission found as a fact that appellant's continued unsatisfactory service justified the dismissal recommended. This finding was based on the service ratings themselves which the Commission found to have become final and binding. We find no error of law in this determination. The factual finding that appellant's dismissal was justified on the basis of the sub-standard service ratings is supported by the unrefuted charges contained in the adverse ratings themselves. Since the reports stand as unrefuted evidence of their contents, the Commission's findings based thereon are binding on the Courts.
We also find that the Commission has not acted arbitrarily as charged by appellant. We concur in the conclusions of law reached by the Commission with respect to interpretation of its rules. The Commission held that appellant, by his own laches, lost the right to challenge the sub-standard ratings which, unrefuted, constitute just cause for dismissal. In effect, the Commission concluded that the sole appealable issue, namely, the propriety of the sub-standard ratings, had thus become moot and there was, therefore, no appealable issue. We hold that the Commission's rules admit of dismissal of an appeal which has become moot by the Commission on its own motion.
The judgment is affirmed at appellant's cost.
Affirmed.