364 So.2d 162 (1978)
Lasson LEGROS, Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE, Appellee.
No. 12157.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
Writ Refused January 12, 1979.
*163 Walton J. Barnes, Baton Rouge, for appellant.
Thomas W. McFerrin, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
This appeal by Lasson B. LeGros (Appellant), is from a ruling of the State Civil Service Commission (Commission), confirming Appellant's dismissal from the permanent-status, classified position of sergeant, Louisiana State Police. We affirm.
*164 The issues are: (1) Whether the Department of State Police (appointing authority) abused its discretion in imposing disciplinary measures disproportionate with the gravity of Appellant's admitted offense of taking materials (lumber valued at about $19.00), and converting same to Appellant's own use, and (2) whether the Commission committed reversible error in declining, for procedural reasons, to allow Appellant to offer testimony concerning alleged discrimination against Appellant.
By letter dated September 8, 1977, Appellant was duly notified by Grover W. Garrison, Deputy Secretary, Office of State Police, of Appellant's dismissal for having ordered a subordinate to take materials belonging to the Department and deliver them to Appellant's residence where they were incorporated into a building Appellant was erecting. The notice charged further that Appellant's unsuitability as a state police officer was additionally demonstrated by Appellant's service record which contained a history of eight prior disciplinary actions consisting of four suspensions without pay and four reprimands between March 18, 1970, and January 26, 1977. The notice also recited that Appellant's record indicated a "cumulative pattern of unacceptable behavior" justifying Appellant's discharge.
The Commission heard Appellant's appeal on January 10, 1978, at which time, when called by the Commission, Appellant admitted having taken the materials with intent to return them in kind. Appellant also attested to having made restitution. The Commission then closed its case. By way of defense, Appellant reiterated his testimony given when called by the Commission and attempted to testify concerning other instances in which employees charged with similar conduct were not dismissed from service. Appellant argued that, being an employee with more than ten years service, he was discriminated against in that other long term employees were not discharged for similar infractions. Counsel for the appointing authority objected to such testimony on the ground that Appellant had not laid the proper foundation for such testimony by complying with Commission Rule 13.11(d), adopted February 18, 1976, which pertinently provides:
"A notice of appeal must . . . (d) contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail; and . . ." (Emphasis supplied by the court)
The Commission sustained the objection to Appellant's offer of testimony regarding alleged discrimination. Counsel for Appellant conceded his familiarity with the rule and acknowledged that the notice of appeal was factually inadequate as regards alleged discrimination.
We, as did the Commission, find no abuse of the appointing authority's discretion in dismissing Appellant under the circumstances of this case. Our jurisprudence is well established that an appointing authority is under the duty to take appropriate disciplinary action and the Commission has the corresponding obligation to uphold such action when the conduct or performance of an employee bears a real and substantial relation to and has a detrimental effect upon the efficient operation of the public service. King v. Department of Public Safety, 234 La. 409, 100 So.2d 217 (1958); Barnes v. Department of Highways, 154 So.2d 255 (La.App. 1st Cir. 1963).
Appellant was not discharged solely for taking the materials. The notice of disciplinary action issued herein makes it quite clear that Appellant's dismissal was the cumulative result of a long history of disciplinary measures taken against Appellant and that the incident involving materials was merely the "straw that broke the camel's back." In our judgment, Appellant's employment record warrants dismissal.
Incidental to this issue is Appellant's complaint that the Commission failed to make an independent factual determination *165 of the charges involving the taking of materials. It suffices that both in his notice of appeal and in his testimony before the Commission Appellant conceded taking the materials and rested his defense on the grounds of alleged discrimination and abuse of appointing authority discretion.
Regarding the allegation of discrimination, Appellant's notice of appeal recites the following:
" Furthermore, from information given to me, it appears that others similarly situated have been accorded a more reasonable penalty in the disciplinary process of the department. By this, I mean that the department has been discriminatory in its practices, specifically for the reason that other employees who have been charged with equal or worse offenses have not been released from their employment; that they were reprimanded or suspended but not denied, after years of service, their professional status."
In contending that the Commission erred in refusing to allow evidence of alleged discrimination, Appellant cites and relies upon Smith v. Board of Commissioners of the Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972), and Meaux v. Department of Highways, 274 So.2d 486 (La.App. 1st Cir. 1973). We note that these authorities were decided before adoption of Civil Service Commission Rule 13.11(d), above.
The rules of the Commission have the force and effect of law. La.Const. 1974, Article 10, Section 10(A)(4); Pelletier v. Executive Department, Division of State Buildings and Grounds, 331 So.2d 72 (La. App. 1st Cir. 1976).
The Commission is a quasi-judicial body and so long as its rules are reasonable and do not violate basic constitutional rights, they must be recognized and enforced by the courts. Heinberg v. Department of Employment Security, 256 So.2d 747 (La.App. 1st Cir. 1971).
Appellant's allegations of discrimination do not meet the requirements of Rule 13.11(d) which we find to be a valid exercise of the Commission's rule making authority. The obvious purpose of Rule 13.11(d) is to insure the appointing authority the same degree of specificity concerning its alleged discrimination as the employee is entitled to receive with respect to the charges on which the disciplinary action is predicated. The requirement is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing before the Commission.
We are mindful of our holding in Meaux v. Department of Highways, supra, that an employee must be afforded a full, complete and fair hearing before the Commission, including the right and opportunity to establish any material issue properly raised. In this instance, Appellant did not properly raise the issue he now seeks to have us review.
Nor is our decision affected by the fact that Appellant's notice of appeal contains the following:
"If for any reason, further information may be required in order to perfect this appeal under the current rules of the Commission, the writer as attorney for Sergeant LeGros, respectfully requests the opportunity to provide such information before a hearing shall have been fixed for the purpose of considering the merits of this employee's appeal."
As previously noted, counsel for Appellant acknowledged at the hearing that he was familiar with the Commission's rules and realized his notice of appeal was factually inadequate concerning allegations of discrimination.
Appellant's failure to timely comply with Rule 13.11(d) resulted in a waiver of his claim of alleged discrimination. Toms v. Louisiana Health & Human Resources Administration, Division of Management, 349 So.2d 941 (La.App. 1st Cir. 1977); Civil Service Commission Rule 13.12(a), (d).
The Commission's ruling is affirmed at Appellant's cost.
Affirmed.