431 So.2d 437 (1983)
Andrew SHELTON
v.
SOUTHEASTERN LOUISIANA UNIVERSITY.
No. 82 CA 0777.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Concurring Opinion April 6, 1983.
Mike J. Balen, Covington, for appellant.
Winston Decuir, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
Andrew Dale Shelton is appealing the granting of a motion for summary disposition by the Louisiana Civil Service Commission dismissing his appeal to the Commission. *438 Appellant was separated from his position as a Police Officer II serving with permanent status in the campus police force of Southeastern Louisiana University. The causes for his dismissal were particularized in a letter over the signature of Harold J. West, Business Manager, dated April 6, 1981. It was alleged that Shelton and his girlfriend, Terry Mendoza, removed a test key from an instructor's office, copied it, then gave the copy to Mendoza's roommate, Renee' Shipman. The test key was for an exam Shipman had missed and was to make-up later.
On April 22, 1981, appellant wrote a letter to the Department of Civil Service, which it docketed as an appeal on April 24, 1981. The letter provided:
"Sirs:
Please be advised that I the undersigned do hereby submit this letter in objection to my dismissal as authorized by the memorandum dated April 6, 1981 retroactive to April 3, 1981, submitted by Russ Martin, Director of University Police and approved by Harold West, Business Manager for Southeastern Louisiana University.
I do further allege that the hereinabove dismissal was in violation of the Civil Service Procedure all as set forth in L.S.A. R.S. 33:2471 et seq. through L.S.A. R.S. 33:2591 all as amended and having been aggrieved by the said dismissal. I further desire that a hearing concerning the same be set by the Civil Service Board as prescribed by law.
Respectfully submitted
BY:s/____________________
 Andrew Dale Shelton"
At the outset of the hearing on April 14, 1982, counsel for SLU orally moved for a summary disposition of the appeal. Civil Service rule 13.14(a) provides for summary disposition on several grounds. One such ground, and that which the State urged at the hearing, is that the appeal was not made in the "required manner". Rule 13.14(a)3. Another ground, and that which the State cites in its brief, is that the written notice requesting the appeal was insufficient. Rule 13.14(a)6. Given the factual situations in this case, both grounds urged by the State have reference to rule 13.11 dealing with appellant's notice of appeal. More specifically, rule 13.11(d) provides that appellant's notice of appeal must "[c] obtain a clear and concise statement of the action complained against and a clear and concise statement of the basis of the appeal". Pursuant to this rule and rules 13.14(a)3 and 13.14(a)6 noted above, the State urges two reasons why Shelton's appeal should be summarily dismissed: 1) rule 13.11(d) has not been complied with because the above-referenced letter does not contain a clear and concise statement of the action complained against, and 2) the legal basis Shelton cites for his appeal (i.e. LSA-R.S. 33:2471 through LSA-R.S. 33:2591) refers to provisions dealing with appeals taken by members of the Municipal Fire and Police Civil Service, when in fact Shelton was not employed by a municipality but was serving with permanent status with the State Civil Service.
In an opinion dated June 18, 1982, the Commission granted the State's motion. The Commission concluded that Shelton was not in compliance with rule 13.11(d) because the sole basis for appeal contained in the notice of appeal was that the appointing authority violated certain statutes which were not even applicable. Shelton then perfected this appeal.[1]
*439 The only issue presented by the appeal is whether the Commission correctly found that appellant's letter did not comply with Civil Service rule 13.11(d). As stated in the opinion of the Commission, the function of rule 13.11(d) is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues. It can be readily seen that these objectives serve a useful function and their efficacy will not be questioned by the Court.
As we clearly and succinctly held in Sutton v. Department of Public Safety, Division of State Police, 340 So.2d 1092 (La. App. 1st Cir.1976):
"La. Const. of 1921, Art. XIV, Section 15(I) (now La. Const. of 1974, Art. 10, Sec. 10) authorized the State Civil Service Commission to adopt and enforce rules for the orderly administration of the Civil Service Act which protects the tenure of classified employees. It was under this constitutional authority that the Commission adopted Rule 13.12 [in the present case rule 13.11(d)]. The Commission is a quasi-judicial body. When the Commission's rules are reasonable, and do not violate basic constitutional rights, they must be recognized and enforced by the courts. See Heinberg v. Department of Employment Security, 256 So.2d 747 (La. App. 1st Cir.1971), writ ref. 260 La. 1135, 258 So.2d 381 (1972)." 340 So.2d 1092 at 1093-1094.
(see also, Paisant v. University of New Orleans, 391 So.2d 1238 (La.App. 1st Cir. 1980)). Once promulgated, Commission rules have the effect of law. Hamilton v. Louisiana Health & Human Resources Administration, 341 So.2d 1190 (La.App. 1st Cir.1976), writ refused, 344 So.2d 4 (La. 1977).
A mere statement that one objects to one's dismissal and desires to appeal one's removal from State service does not meet the requirements of rule 13.11(d). Shelton does not deny the charges made in his dismissal letter from West; nor does he provide the Commission with an explanation of what he feels was incorrect in West's letter. Shelton never informs the Commission of facts mitigating in his favor or of his version of the incident. As noted by the Referee at the hearing, the Commission simply cannot determine from the face of the appeal the allegations made by the State which Shelton denies. In short, a letter of the type Shelton addressed to the Commission fails to comply with the Commission's rules and, thus, has not been taken in the required manner pursuant to rule 13.14(a)3.
Secondly, we agree with the State's contention that Shelton's reference to LSA-R.S. 33:2471 through LSA-R.S. 33:2591 is incorrect. These statutes are relevant only to members of the Municipal Fire and Police Civil Service. It is undisputed that Shelton is an employee classified under the State Civil Service. Thus, although Shelton has technically stated a basis for an appeal in that he refers to statutory authority, nevertheless, this authority is incorrect and therefore insufficient to sustain an appeal. Consequently, the State properly sought summary dismissal of Shelton's appeal on the grounds articulated in rule 13.14(a)6.
When one reads the dual purposes of rule 13.11(d) (as articulated in the Commission's opinion) in the light of the jurisprudence, one sees clearly that this particular statute should be given mandatory effect, since violation of its directives could result in the frustration of the legislative intent of the rule. Sanders v. Department of Health & Human Resources, 388 So.2d 768 (La.1980). As pointed out by Mr. George Hammer, Director of the State Civil Service, in a letter to Mr. Shelton at the time of Shelton's appeal, the Commission had over 300 appeals pending and that appellant could expect a possible eight month delay between *440 the filing of his appeal and the date of the hearing. If we were to hold that every letter of the type Shelton wrote to the Commission satisfied rule 13.11(d), then necessarily each appeal would no doubt require a "pre-hearing" type conference similar to those held at the district court level to flesh out the issues. Thus, one can see the raison d'etre behind the Commission's philosophy with respect to rule 13.11(d). We cannot say this reasoning is faulty. Since rule 13.11(d) is reasonable and does not violate basic constitutional rights, it must be recognized and enforced by the courts.
We therefore affirm the Commission's decision rejecting Shelton's appeal. All costs of this appeal are to be paid by appellant.
AFFIRMED.
LANIER, J., concurs with reasons.
LANIER, Judge, concurring.
I agree with the result reached by the majority, but do not agree that Rule 13.14(a)(3) of the State Civil Service Commission is controlling.
Permanent classified employees of the State who have been subjected to disciplinary action have a right to appeal to the State Civil Service Commission. La. Const. of 1974, art. X, § 8(A). Appeals from the disciplinary action to the Commission are regulated by rules established by the Commission. La. Const. of 1974, art. X, § 10(A); Chapter 13, Civil Service Rules. The rules of the Commission have the effect of law and even prevail over acts of the legislature which may be in conflict with them. La. Const. of 1974, art. X, § 10(A)(4); Smith v. Department of Health and Human Resources, 416 So.2d 94 (La. 1982).
Rule 13.14(a)(3) provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if (1) "... the appeal has not been made in the required manner..." or (2) the appeal has not been made "... within the prescribed period of delay." The majority opinion has held that the appeal in the instant case has not been made in the required manner because the notice of appeal did not "[C]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal..." as required by Rule 13.11(d). The request for appeal submitted by Shelton specifically alleged that his dismissal was in violation of the Civil Service procedure set forth in La.R.S. 33:2471 through 33:2591. It is my opinion that this allegation states "the basis of the appeal" as required by Rule 13.11(d). Rule 13.14(a)(3) is similar in nature to Rule 2-8 of the Uniform Rules of the Courts of Appeal. It is applicable where the appeal is not timely or where the appeal is not properly perfected. It is not designed to test the merits of the appeal, and thus is not applicable to dispose of this case.
I agree with the portion of the majority opinion that determined that Rule 13.14(a)(6) is applicable to dispose of this case. That rule provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if "... the written notice expressing the cause for the action complained against is insufficient...".
By requiring applications for appeals to set forth a "statement of the actions complained against" and a "statement of the basis of the appeal", Rule 13.11(d) is similar in concept to La.C.Cr.P. arts. 844 and 920 and Rules 1-3 and 3-1.1 of the Courts of Appeal which limit and/or designate issues in appeals to those set forth in assignments or specifications of error. Errors which are not so designated are deemed abandoned and may not be considered on appeal. By authorizing summary disposition of appeals when "the cause of action complained against is insufficient", Rule 13.14(a)(6) is similar in concept to the procedure utilized by the Louisiana Supreme Court in summarily disposing of criminal cases (see State v. Duhon, 340 So.2d 151 [La.1976] and State v. Montgomery, 362 So.2d 769 [La.1978]) and that authorized in the Courts of Appeal by Rules 2-11.3, 2-16.1(a)(3) and 2-16.1(b)(2). When read in pari materia, Rules *441 13.11(d) and 13.14(a)(6) provide that if the errors complained of in the notice of appeal are not sufficient to state a legal or factual basis for obtaining relief, the appeal may be summarily disposed of.
The appeal in the instant case is limited by its own terms to the issue of whether or not the employee was dismissed in violation of La.R.S. 33:2471 through 2591. These statutes are applicable to the Municipal Fire and Police Civil Service system. The employee was not serving in that system. He was a member of the State Civil Service system, and the statutes asserted are not applicable. The notice of appeal does not assert any facts to show error. The appeal was properly the subject of a summary disposal because the basis for the appeal was not sufficient to state a valid cause for relief as a matter of law.
NOTES
[1] Louisiana Civil Service Commission rule 13.14(a) (on summary disposition of appeals) states that a party may file a written request for a summary disposition at any time after the docketing of an appeal. The record reflects the motion in this case was oral. However, no objection was made by counsel for appellant. Rule 13.19(d) states:

"Where appropriate and not inconsistent with these Rules, the rules of evidence applicable to civil trials in district courts of the State shall be observed in all hearings before a referee or the Commission."
(see also Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 [La.App. 1st Cir.1978], writ denied 364 So.2d 122 [La.1978]) Although the appellant does not mention this facet of the case on appeal, nevertheless we think it is relevant to the proper disposition of this litigation. Accordingly, in our view, the failure of counsel to object to the oral request at the hearing constitutes a waiver of any right to complain about the entertaining of the motion on appeal. LSA-C.C.P. art. 1635; Circello v. Government Employees Insurance Company, 425 So.2d 239 (La.App. 1st Cir.1982).