460 So.2d 57 (1984)
Carol B. DENT
v.
DEPARTMENT OF CORRECTIONS, HUNT CORRECTIONAL CENTER.
No. CA 83 1280.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Warren D. Ponder, Baton Rouge, for plaintiff-appellant.
Jean G. Ray, Baton Rouge, for defendant-appellee.
Robert R. Boland, Jr., Civ. Service Com'n, Baton Rouge, for State Civ. Service.
Before COLE, CARTER and LANIER, JJ.
*58 LANIER, Judge.
This is an appeal by a classified employee of the Louisiana Department of Corrections (DOC) from a State Civil Service Commission's (Commission) final decision summarily dismissing her appeal.

FACTS
The employee, Carol Dent, was classified as a Corrections Security Officer II in the Security Division of the Hunt Correctional Center. By letter dated September 1, 1982, Dent was notified of the termination of her employment due to illness and the exhaustion of her sick leave, pursuant to Civil Service Rule 12.10, which provides, in pertinent part, as follows:
An employee absent from duty because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave, may be removed by the appointing authority upon certification to the Director by such appointing authority that the interests of the service require that the duties of the position be carried on without further interruption.
Dent appealed her termination. In her notice of appeal, she alleged the following:
The basis of this appeal is that the said CAROL DENT is being discriminated against, the said discrimination being evidenced by the following:
a) Due to emergency surgery caused by a gall bladder problem appellant was required to apply for leave without pay which was denied;
b) Appellant alleges on information and belief that the following employees received permission for leave without pay under similar circumstances, namely; Norma Delaune, Billie Wilson and Ms. Naylor, and the denial of appellant's request constitutes unequal treatment;
c) The above individuals are of the Caucasian race and appellant is of the black race and appellant alleges on information and belief that she was discriminated against because of her race.
At the hearing before the Commission referee, counsel for Dent abandoned the claim of discrimination and attempted to contest the merits of the Rule 12.10 dismissal. Counsel for the appointing authority moved for a summary disposition contending that, absent the claim of discrimination, Dent's notice of appeal failed to state a basis for appeal. The referee refused to allow an amendment to the notice of appeal and dismissed Dent's appeal. Dent filed an application for review of the referee's decision with the Commission. The application for review was denied, and the referee's decision became the final decision of the Commission. La. Const. of 1974, art. X, § 12(A). The appeal to this Court followed.

SUMMARY DISMISSAL
In his written reasons for dismissing Dent's appeal, the referee made the following ruling:
The Referee finds that nowhere in the appeal does appellant deny or otherwise put at issue the facts on which her termination was based. Therefore, the Referee concludes that appellant, after abandoning her claim of discrimination, has failed to state a basis for appeal.
Dent contends that her notice of appeal sufficiently set forth a claim for relief based on her dismissal because of excessive use of sick leave, and the Civil Service Rules should be liberally construed to allow her appeal on that basis.
The rules of the Commission have the effect of law and may prevail over acts of the legislature which are in conflict with them. La. Const. of 1974, art. X, § 10(A)(4); State v. Department of Health and Human Resources, 416 So.2d 94 (La. 1982). Rule 13.11(d) requires that the notice of appeal "[c]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal." Rule 13.12(d) provides that no appeal shall be supplemented or amended following the expiration of the delay for taking the appeal. Rule 13.14(a)(6) provides that the Commission *59 may summarily dispose of an appeal at any time after it has been docketed when "the written notice expressing the cause for the action complained against is insufficient". In Shelton v. Southeastern Louisiana University, 431 So.2d 437, 440-441 (La.App. 1st Cir.1983), in the Concurring Opinion, the following observations concerning these two Rules were made:
By requiring applications for appeals to set forth a `statement of the actions complained against' and a `statement of the basis of the appeal', Rule 13.11(d) is similar in concept to La.C.Cr.P. arts. 844 and 920 and Rules 1-3 and 3-1.1 of the Courts of Appeal which limit and/or designate issues in appeals to those set forth in assignments or specifications of error. Errors which are not so designated are deemed abandoned and may not be considered on appeal. By authorizing summary disposition of appeals when `the cause of action complained against is insufficient', Rule 13.14(a)(6) is similar in concept to the procedure utilized by the Louisiana Supreme Court in summarily disposing of criminal cases (see State v. Duhon, 340 So.2d 151 [La.1976] and State v. Montgomery, 362 So.2d 769 [La. 1978]) and that authorized in the Courts of Appeal by Rules 2-11.3, 2-16.1(a)(3) and 2-16.1(b)(2). When read in pari materia, Rules 13.11(d) and 13.14(a)(6) provide that if the errors complained of in the notice of appeal are not sufficient to state a legal or factual basis for obtaining relief, the appeal may be summarily disposed of.
In the instant case, the basis of appeal set forth by Dent in her notice of appeal was a claim of discrimination. However, this claim was abandoned by Dent at the hearing before the referee. After reviewing Dent's notice of appeal, we agree with the referee's finding that it only contains a discrimination claim. With no remaining legal or factual basis for relief on appeal, the referee properly granted a summary dismissal of Dent's appeal.

CONSTITUTIONAL ISSUES
Dent also raises the constitutionality of certain Civil Service Rules governing her appeal. More specifically, Dent contends that the Commission, through its Civil Service Rules, has denied her due process under the law by dismissing her claim before having a hearing on the merits and denied her equal protection under the law by imposing upon her a higher standard for filing a notice of appeal than is imposed on an appointing authority for its notice of dismissal. These constitutional issues were not raised in the hearing before the Commission and were only raised by Dent for the first time in this Court. Under these circumstances, we decline to consider and determine their merits. Rule 1-3, Uniform RulesCourts of Appeal; Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742 (1955); cf. State v. Madere, 352 So.2d 666 (La.1977).

DECREE
For the foregoing reasons, the decision of the Commission summarily dismissing the appeal is affirmed at appellant's costs.
AFFIRMED.