LANIER, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) which denied the application of a classified employee seeking to reverse a referee’s dismissal of her appeal from her termination by the Department of Health and Human Resources (DHHR).
PROCEDURAL FACTS
By letter dated July 7, 1983, Carol G. Rocque was suspended for ten days from her permanent classification as an Auditor III effective June 29, 1983, pending investigation of charges of tardiness, unprofessional behavior and insubordination. By letter dated July 11, 1983, Rocque was terminated effective July 13, 1983, for failure to perform assigned duties during work time, tardiness, unprofessional behavior and insubordination. In this letter, she was advised she could appeal this action to the Commission within 30 days in conformity with the provisions of Chapter 13 of the Civil Service Rules.
By letter dated July 22, 1983, counsel for Rocque advised the Commission that she wished to appeal to the Commission with the following pertinent language:
At this time Ms. Rocque seeks an appeal of her ten (10) day suspension (see letter of July 7, 1983, attached), and her termination (see letter of July 11, 1983). We respectfully request that a hearing on this matter be held in New Orleans as soon as is possible.
By letter dated August 1, 1983, the Commission acknowledged receipt of the July 22, 1983 letter, transmitted a copy of Chapter 13 of the Civil Service Rules to Roc-que’s counsel and advised that “the docketing of an appeal [does not] prevent its being summarily dismissed pursuant to Civil Service Rule 13.14.” A copy of this letter was sent to Rocque.
*353 This appeal was heard before a referee on November 2, 1983. On December 2, 1983, the referee summarily dismissed the appeal because the notice of appeal did not contain a clear and concise statement of the basis for the appeal as required by Civil Service Rules 13.11(d) and 13.14(a)(3) and (d), citing Shelton v. Southeastern Louisiana University, 431 So.2d 437 (La.App. 1st Cir.1983). Rocque obtained new counsel and timely applied to the Commission to review the referee’s decision. On June 25, 1984, the Commission denied the application. Rocque timely appealed to this court.
SUMMARY DISMISSAL OF APPEAL
Permanent classified employees of the State who have been subjected to disciplinary action have a right to appeal to the State Civil Service Commission. La. Const, of 1974, art. X, § 8(A). Appeals from the disciplinary action to the Commission are regulated by rules established by the Commission. La. Const, of 1974, art. X, § 10(A); Chapter 13, Civil Service Rules. The rules of the Commission have the effect of law and even prevail over acts of the legislature which may be in conflict with them. La. Const. of 1974, art. X, § 10(A)(4); Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982).
Rule 13.11(d) requires that the notice of appeal “[cjontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal.” Rule 13.12(d) provides that no appeal shall be supplemented or amended following the expiration of the delay for taking the appeal. Pursuant to Rule 13.-12(a)(1), the delay for taking an appeal is 30 days from “... the date on which appellant received written notice of the action on which the appeal is based-” Rule 13.-14(a)(3) provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if (1) “... the appeal has not been made in the required manner...” or (2) the appeal has not been made “... within the prescribed period of delay.” Rule 13.14(a)(6) provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if “... the written notice expressing the cause for the action complained against is insufficient;.... ”
By requiring applications for appeals to set forth a “statement of the actions complained against” and a “statement of the basis of the appeal”, Rule 13.11(d) is similar in concept to La.C.Cr.P. arts. 844 and 920 and Rules 1-3 and 3-1.1 of the Courts of Appeal which limit and/or designate issues in appeals to those set forth in assignments or specifications of error. Errors which are not so designated are deemed abandoned and may not be considered on appeal. By authorizing summary disposition of appeals when “the cause of action complained against is insufficient”, Rule 13.14(a)(6) is similar in concept to the procedure utilized by the Louisiana Supreme Court in summarily disposing of criminal cases (see State v. Duhon, 340 So.2d 151 [La.1976] and State v. Montgomery, 362 So.2d 769 [La.1978]) and that authorized in the Courts of Appeal by Rules 2-11.3, 2-16.1(a)(3) and 2-16.1(b)(2). When read in pari materia, Rules 13.11(d) and 13.-14(a)(6) provide that if the errors complained of in the notice of appeal are not sufficient to state a legal or factual basis for obtaining relief, the appeal may be summarily disposed of. Dent v. Department of Corrections, Hunt Correctional Center, 460 So.2d 57 (La.App. 1st Cir.1984). The purpose of Civil Service Rule 13.11(d) is set forth in Shelton, 431 So.2d at 439 as follows:
As stated in the opinion of the Commission, the function of rule 13.11(d) is twofold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues. It can be readily seen that these objectives serve a useful function and their efficacy will not be questioned by the Court.
*354 A review of the notice of appeal shows that it does not contain clear and concise statements of the actions complained against or the basis of the appeal. Because the notice of appeal does not state a legal or factual basis for obtaining relief, the referee was correct in dismissing the appeal.
MOOT ASSIGNMENTS OF ERROR
Rocque assigned as error (1) failure to provide pretermination hearings before suspension and/or termination; (2) failure to provide risk-reducing procedures; (3) failure to grant a continuance; and (4) unequal application of the law.[1]
Because we hold that the appeal was properly dismissed, these assignments of error are now moot. Further, we note that the issues of failure to provide pretermination hearings, failure to provide risk-reducing procedures and unequal application of the law were not raised before the referee or the Commission. In this procedural posture, we would decline to consider these issues for the first time in this court. Dent, 460 So.2d at 59. Additionally, this court has already held a pretermination hearing is not required. Allen v. DHHR, Ruston State School, 426 So.2d 234 (La. App. 1st Cir.1983).
DECREE
For the foregoing reasons, the final decision of the Commission summarily dismissing the appeal is affirmed at appellant’s costs.
AFFIRMED.

. We construe assignment of error 3 as contesting the dismissal of the appeal.