505 So.2d 726 (1987)
Carol G. ROCQUE
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, OFFICE OF the SECRETARY.
No. 86-C-1630.
Supreme Court of Louisiana.
April 6, 1987.
Laura D. Holmes, Robert Boland, Jr., for applicant.
Nils R. Douglas, Robert Hamlett, for respondent.

ON REHEARING
MARCUS, Justice.
On rehearing of this matter, we must once again determine whether the court of appeal erred in affirming a decision of the State Civil Service Commission (Commission) which denied the application of a classified employee seeking to reverse a referee's dismissal of her appeal from her suspension and termination by the Department of Health and Human Resources (DHHR). Since the facts of this case are not in dispute, we adopt the statement of facts set forth in the opinion of the court of appeal, Rocque v. Department of Health and Human Resources, Office of the Secretary, 490 So.2d 352, 352-53 (La.App. 1st Cir.1986):
By letter dated July 7, 1983, Carol G. Rocque was suspended for ten days from her permanent classification as an Auditor *727 III effective June 29, 1983, pending investigation of charges of tardiness, unprofessional behavior and insubordination. By letter dated July 11, 1983, Rocque was terminated effective July 13, 1983, for failure to perform assigned duties during work time, tardiness, unprofessional behavior and insubordination. In this letter, she was advised she could appeal this action to the Commission within 30 days in conformity with the provisions of Chapter 13 of the Civil Service Rules.
By letter dated July 22, 1983, counsel for Rocque advised the Commission that she wished to appeal to the Commission with the following pertinent language:
At this time Ms. Rocque seeks an appeal of her ten (10) day suspension (see letter of July 7, 1983, attached), and her termination (see letter of July 11, 1983). We respectfully request that a hearing on this matter be held in New Orleans as soon as is possible.
By letter dated August 1, 1983, the Commission acknowledged receipt of the July 22, 1983 letter, transmitted a copy of Chapter 13 of the Civil Service Rules to Rocque's counsel and advised that "the docketing of an appeal [does not] prevent its being summarily dismissed pursuant to Civil Service Rule 13.14." A copy of this letter was sent to Rocque.
This appeal was heard before a referee on November 2, 1983. On December 2, 1983, the referee summarily dismissed the appeal because the notice of appeal did not contain a clear and concise statement of the basis for the appeal as required by Civil Service Rules 13.11(d) and 13.14(a)(3) and (d) [(6)] citing Shelton v. Southeastern Louisiana University, 431 So.2d 437 (La.App. 1st Cir.1983.[[1]] Rocque obtained new counsel and timely applied to the Commission to review the referee's decision. On June 25, 1984, the Commission denied the application.
Rocque then perfected a timely appeal to the court of appeal as provided by La. Const. art. 10, § 12. However, the court of appeal affirmed the final decision of the Commission summarily dismissing Rocque's appeal for the following reasons:
A review of the notice of appeal shows that it does not contain clear and concise statements of the actions complained against or the basis of the appeal. Because the notice of appeal does not state a legal or factual basis for obtaining relief, the referee was correct in dismissing the appeal.
Rocque, 490 So.2d at 354. Upon Rocque's application to this court, we granted and summarily ordered that the judgment of the court of appeal be reversed and that Rocque's appeal to the State Civil Service Commission be reinstated.[2] The State Civil Service Commission applied to this court for rehearing. We granted rehearing to consider the correctness of our order reinstating Rocque's appeal to the Commission.[3]
At the outset, we note that permanent classified employees of the state who have been subjected to disciplinary action have a right to appeal to the State Civil Service Commission. La. Const. art. 10, § 8(A). Appeals from the disciplinary action to the Commission are regulated by rules established by the Commission. La. Const. art. 10, § 10(A); Chapter 13, Civil Service Rules. The rules of the Commission *728 have the effect of law. La. Const. art. 10, § 10(A)(4); Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982). The Civil Service Commission has broad rule-making powers, and as long as its rules are reasonable and do not violate basic constitutional rights, they must be recognized and enforced by the courts. Clark v. State, 434 So.2d 1276 (La.App. 1st Cir.1983), writ denied, 440 So.2d 152 (La. 1983); Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983), writs denied, 440 So.2d 726 and 440 So.2d 727 (La.1983), Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982); Legros v. Department of Public Safety, etc., 364 So.2d 162 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979); Heinberg v. Department of Employment Security, 256 So.2d 747 (La.App. 1st Cir.1971), writ denied, 260 La. 1135, 258 So.2d 381 (1972). Therefore, in order to determine the validity of the referee's summary dismissal of Rocque's appeal, we must examine whether Civil Service Rules 13.11(d) and 13.14(a)(3) and (6) are unreasonable or violative of basic constitutional rights.
We find that Rule 13.11(d), in conjunction with the rest of the rules regulating appeals to the State Civil Service Commission,[4] is unreasonable and imposes an unduly onerous responsibility on appellants. As stated in Shelton v. Southeastern Louisiana University, 431 So.2d 437, 439 (La.App. 1st Cir.1983),
the function of rule 13.11(d) is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues.
It is clear that Rule 13.11(d) serves a valid function. However, in conjunction with Rules 13.14(a)(3) and 13.14(a)(6), which require summary dismissal where the notice of appeal does not comply with Rule 13.11(d), and with Rule 13.12(d), which does not permit supplementation or amendment of an appeal beyond the thirty-day period for filing a notice of appeal, Rule 13.11(d) acts as a trap for the unwary appellant who does not learn of the insufficiency of his appeal under the rule until the time for remedying any deficiencies has already elapsed. While we are without authority to enact rules for the Commission, we suggest that the function of Rule 13.11(d) could be served in a way less burdensome to appellants by, for example, permitting supplementation or amendment of appeals beyond the current thirty-day period, and by amending Rule 13.11(d) so as to specify exactly what constitutes "a clear and concise statement of the basis of the appeal." However, as stated, it is not for this court to enact remedial rules for the Civil Service Commission. Accordingly, we merely conclude that the present scheme of appeal to the State Civil Service Commission is unreasonable and unduly burdensome on appellants.
Our conclusion that the scheme regulating appeals to the State Civil Service Commission is unreasonable is bolstered by art. 10, § 8(A) of the Louisiana Constitution of 1974 which declares that "[t]he burden of proof on appeal, as to the facts, shall be on the appointing authority." Prior to 1974, however, the burden of proof on appeal as to the facts was on the employee. La. Const. art. 14, § 15(N)(1)(a) (1921). The burden of proof was shifted from the employee to the appointing authority after extensive debate in which the constitutional convention delegates expressed concern that placing the burden of proof on the employee would make it difficult, if not impossible, for an employee to maintain and to prevail in an appeal of his termination from a Civil Service position.[5] Stringent rules of pleading and arbitrary cut-off dates for the amendment of pleadings contravene the spirit, if not the letter, of the change expressed in art. 10, § 8(A) of the *729 present constitution. Moreover, with the burden of proof on appeal on the appointing authority, the need for a clear and concise statement by the appellant of the actions complained against and of the basis of the appeal is diminished. Accordingly, we adhere to our original summary disposition of this case, reversing the decision of the court of appeal and reinstating Rocque's appeal to the State Civil Service Commission.[6]

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The appeal of Carol G. Rocque to the State Civil Service Commission is reinstated. The case is remanded to the State Civil Service Commission for further proceedings.
NOTES
[1] Rule 13.11(d) requires that the notice of appeal "[c]ontain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal." Rule 13.12(d) provides that no appeal shall be supplemented or amended following the expiration of the delay for taking the appeal. Pursuant to Rule 13.12(a)(1), the delay for taking an appeal is 30 days from "... the date on which appellant received written notice of the action on which the appeal is based...." Rule 13.14(a)(3) provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if (1) "... the appeal has not been made in the required manner ..." or (2) the appeal has not been made ... within the prescribed period of delay." Rule 13.14(a)(6) provides that the Commission may summarily dispose of an appeal at any time after it has been docketed if "... the written notice expressing the cause for the action complained against is insufficient; ..."
[2] 496 So.2d 317 (La.1986).
[3] 498 So.2d 3 (La.1986).
[4] See footnote 1.
[5] IX Records of the Louisiana Constitutional Convention: Convention Transcripts, 94th day at 2638-41 and 2644; 96th day at 2696-99; 97th day at 2701-03.
[6] In Smith v. Board of Commissioners of the Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972), on facts similar to those in the instant case, this court reinstated Smith's appeal to the State Civil Service Commission which had been dismissed for noncompliance with Civil Service Rule 13.11(d). We found compliance with Rule 13.11(d) because appeals (including those to the State Civil Service Commission) are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities. We did not at that time address the reasonableness vel non of Rule 13.11(d). Arguably the facts of Smith are distinguishable from those in the instant case; however, to the extent that Smith conflicts with our decision today, it is disapproved.