Dear Senator McPherson:
We enclose a copy of Attorney General Opinion 94-373, indicating that Civil Service General Circular Number 001155 (copy attached) reflects the position of the Civil Service Commission concerning the payment of accrued unused sick leave for civil service employees. Of import is Civil Service Rule 11.18, which provides:
 11.18 Cancellation or Continuance of Annual and Sick Leave
 (a) When an employee separates from the state classified service, all accrued annual leave except that for which he must be paid and all accrued sick leave shall be cancelled; however, if the employee is re-employed or transfers in probational or permanent status in the classified service or is re-employed in the unclassified service without a break in service of one or more working days, all of the employee's annual and sick leave shall be transferred to the hiring agency.
 (b) Subject to the provisions of Rule 11.19, when a former employee is re-employed with permanent or probational status within 5 years of his separation, all accrued annual and sick leave that was cancelled upon separation shall be re-credited to him; provided, that the privileges of this rule shall not extend to an employee whose last separation was by dismissal or resignation to avoid dismissal.
This office further concluded in Opinion 94-373 that R.S. 17:425
governs the payment of accrued unused sick leave for those persons not in the classified service.
Please also find enclosed a copy of Attorney General Opinion 86-552, wherein this office concluded that R.S. 17:425, allowing payment of up to 25 days of unused sick leave upon retirement or death to classified employees, constitutes an infringement upon the Civil Service Commission's constitutional power to exclusively regulate compensation and disbursement to such employees. In Opinion 86-552, the author also noted that the Civil Service Commission has been vested with this authority under both the 1921 and the 1974 Louisiana State Constitutions. See LSA-Const. Art. X, Section 10(A)(2) (1974) and LSA-Const. Art. XIV, Section 15 (1921).
Opinions 94-373 and 86-552 reflect this office's current interpretation of R.S. 17:425. These opinions as applied to your constituent indicate that as a classified employee she is not entitled to the payment of unused accrued sick leave at the time of her retirement. We would take the position that the same conclusion would apply during the period of her employment as a classified employee between the years 1967 and 1974; however, we would of course review any authority she has which might indicate that she is vested with that benefit during that time period.
Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
General Circular No. 001155
To: Heads of State Agencies and Human Resource Directors
Subject: Terminal Leave Payments
Issue Date: June 16, 1994
Is has come to our attention that some agencies may be of the opinion that (1) an employee entering the DROP program can receive their terminal leave pay under Civil Service Rule 11.10 upon entry into the program, and (2) that employees under the Teachers' or School Employees' Retirement Systems are eligible for payment of accrued unused sick leave upon retirement or death. This is to advise you that neither of these opinons are correct for employees in the classified Civil Service.
The only terminal leave payment a classified employee is eligible for is that provided by Civil Service Rule 11.10. If you have any questions regarding this matter contact our Personnel Management Division — Phone Number (504) 342-8274.
Sincerely,
Herbert L. Sumrall Director
OPINION NUMBER 94-373
DECEMBER 22, 1994
9 — CIVIL SERVICE COMMISSION 103 — SCHOOLS AND SCHOOL DISTRICTS — Pension Benefits, Teachers' Retirement System 109 — STATE — EMPLOYEES AND DEPARTMENTS Article 10 Section 1 of the Louisiana Constitution of 1974 Article 10 Section 10 of the Louisiana Constitution of 1974 Article 10 Section 12 of the Louisiana Constitution of 1974 Article 10 Section 2 of the Louisiana Constitution of 1974 LSA-R.S. 17:425
Civil Service General Circular Number 001155 is authoritative with regards to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
The Honorable Raymond J. LaBorde Commissioner of Administration P.O. Box 94095 Baton Rouge, LA 70804-9095
Dear Mr. LaBorde:
You have requested an opinion from this office in regard to the payment of termination pay for up to twenty-five days of unused accrued sick leave to members of the Teachers' Retirement System of Louisiana (TRSLA) and the Louisiana School Employees' Retirement System (LSERS).
You state that State Civil Service General Circular No. 001155, dated June 16, 1994, states that classified employees belonging to TRSLA and LSERS are not eligible for payment of unused sick leave upon retirement or death and it refers to Civil Service Rule 11.10.
Furthermore, you cite LSA-R.S. 17:425 which states:
 Notwithstanding any other provision of the law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave . . .
As you have noted, no reference is made to classified or unclassified employees in the statute which you have indicated seems to be in direct conflict with General Circular No. 001155. Therefore, you request an opinion on the following:
 1. Which guidance is authoritative, Louisiana Revised Statute 17:425 or Civil Service General Circular No. 001155, with regards to payment of accrued unused sick leave?
 2. To whom is the authoritative guidance applicable?
Article 10 Section 1 of the Louisiana Constitution of 1974 provides for our State's Civil Service System. It provides the following in pertinent part:
 The State Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment . . .
Article 10 Section 10A grants Civil Service the legislative and executive authority to perform the following:
 (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
Additionally, Article 10 Section 12 grants Civil Service exclusive judicial power to hear and decide all removal and disciplinary cases.
In Legros v. Department of Public Safety Division of StatePolice, 364 So.2d 162, (1st Cir. 1978), writ denied366 So.2d 562, the First Circuit Court of Appeals held that the "Rules of the State Civil Service Commission have the force and effect of law. La. Const. 1974, Article 10, Section 10(A)(4)."
In Hughes v. Department of Public Safety, 453 So.2d 620
(1st Cir. 1984), the court stated the following in reference to the Civil Service Commission's rule-making authority and the authority of the Legislature to pass laws that are in conflict with the Commission's rules.
 The commission is vested with board rulemaking powers for regulation of the classified service. La. Const. of 1974, Art X § 10(A). This constitutional grant of rulemaking power precludes the legislature from enacting a statute which would nullify a rule of the Commission. Smith v. Department of Health and Human Resources, 416 So.2d 94
(La. 1982). Pursuant to Rule 13.19(d) and (k), the rules of evidence and procedure in hearings before the Commission shall be the same as those applicable to civil trials in district courts.
Civil Service rules prevail over acts of legislature which may be in conflict with them. Smith v. Department of Health HumanResources, Southeast Louisiana State Hospital, 461 So.2d 1243, (1st cir. 1984), writ denied 464 So.2d 316.
In Foreman v. Falgout 503 So.2d 517 (1st Cir. 1986) plaintiff attempted to circumvent the exclusive jurisdiction given to the Civil Service Commission as provided for in ArticleX, Section 12(A) of the Louisiana Constitution by filing suit against his supervisor individually and as a supervisor. However, the court held that:
 . . . the entire thrust of the exclusive jurisdiction granted is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified Civil Service employee-employer disputes that are employment related.
In Strickland v. Office of the Governor 525 So.2d 740
(1st Cir. 1988), the court stated the following in reference to the authority given to the Civil Service Commission:
 We are fully aware that La. Const. Art. X, § 12, expressly grants `the exclusive power and authority to hear and decide all removal and disciplinary cases' to the Commission, whereas Art. X, § 10 does not expressly provide for exclusive authority. However, in granting `general rule-making' authority to the Commission `including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt uniform pay and classification plan; . . . and generally to accomplish the objectives and purposes of the merit system of civil service as herein established,' and in providing that the `[r]ules adopted . . . shall have the effect of law,' article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its `broad and general rule-making power.' Unless that jurisdiction is exclusive, the orderly fashion of resolving employer-employee related disputes will be disrupted if the employee can forum shop between the Commission and the courts. . . .
Since the Civil Service Commission has the authority to administer and regulate the classified service and since they have done so by enacting State Civil Service General Circular Number 001155 dated June 16, 1994, any legislative enactment that is in conflict with the circular insofar as classified employees are concerned will not prevail. Therefore, Civil Service General Circular Number 001155 is authoritative in regard to classified employees.
LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
In your second question you ask:
To whom is the authoritative guidance applicable?
As indicated in the Louisiana Constitution of 1974, article 10
Section 1 states that:
 . . . [t]he Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds, used to pay for such employment.
Article 10 Section 2 specifies who is in the unclassified service and additionally indicates that all persons not included in the unclassified service are in the classified service.
In summary, Civil Service General Circular Number 001155 is authoritative with regards to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney general
RPI/BCL/sc/opinion33
Opinion Number 86-552
October 15, 1986
15-A . . . CONSTITUTIONAL LAW 109 . . . STATE — EMPLOYERS DEPARTMENTS 9 . . . . CIVIL SERVICE COMMISSION
The legislative provision for payment of up to 25 days unpaid sick leave upon retirement or death to classified state employees is infringement upon Civil Service Commission's constitutional power to exclusively regulate compensation and disbursement to such employees.
Art. X § 10(A) — La. Const. of 1974 R.S. 17:425
Mr. Robert E. Harroun, III General Counsel to the Legislative Auditor Post Office Box 94397 Baton Rouge, Louisiana 70804-9397
Dear Mr. Harroun,
In your letter dated August 13, 1986, you requested an opinion of this office regarding the constitutionality of R.S. 17:425, which provides for the payment of up to twenty-five days of unused sick leave to certain state classified employees upon retirement or death.
Louisiana Constitution Article X, Section 10(A)(2) provides, in pertinent part:
 Each [civil service] commission is vested with broad and general rule-making and subpoena powers for the administration and including the power to adopt rules for regulating employment, . . . . compensation and disbursements to employees, and other personnel matters and transactions.
In Barnett v. Develle, 289 So.2d 129 (La. 1974), the Supreme Court construed this provision's predecessor, Article XIV, Section 15 (1921). It found that the constitutional provision "discloses clear, unmistakable intent to vest in the commission sole and exclusive authority to establish, supervise and enforce a system of civil service."
Similarly, in Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir. 1983), the power granted to the Civil Service Commission in the present constitutional provision, Article X, Section 10A, was interpreted to be a grant of exclusive power with respect to each of the areas enumerated therein.
It is the opinion of this office that the payment of accrued sick leave to an employee upon retirement, or the payment to his heirs upon his death, is a "compensation and disbursement to employees." As such, the legislative demand, or even allowance, to make these payments, is repugnant to Article X, Section 10(A).
Therefore, R.S. 17:425 is unconstitutional in that it encroaches upon the exclusive right of the Civil Service Commission to regulate "compensation and disbursement to [classified civil service] employees."
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ KENNETH C. DEJEAN Chief Counsel