WATKINS, Judge.
Wanda E. Bailey, an employee of the Department of Health and Human Resources, Office of Family Security, making disability determinations, brought the present appeal before the State Civil Service Commission, complaining that (1) she had been given an adverse job evaluation report and (2) she had been treated in a discriminatory manner. The appointing authority moved for summary disposition before the Civil Service Commission, contending (1) the job evaluation report was not unfavorable and (2) the allegations of discrimination were not set forth in Mrs. Bailey’s appeal with sufficient specificity. The Civil Service Commission, through its referee, being of the opinion that the contentions of the appointing authority were correct, granted the summary disposition and dismissed the appeal. From that ruling, Mrs. Bailey appeals to this court. We affirm.
State Civil Service Rule 10.4 provides for an appeal of an “unsatisfactory job rating”. The difficulty with Mrs. Bailey’s position is that she was given a “satisfactory” overall rating, and in comments was indicated to be an efficient employee, although it was stated she had difficulty cooperating with the other employees. As an appeal may be had only from an “unsatisfactory” job rating, and as Mrs. Bailey was given a “satisfactory” rating, which is the only other rating available, she has no valid complaint. The comments after the rating were not as a whole unfavorable, as she was commended for the accuracy and quality of her work, and furthermore, the comments do not constitute the basis of an appeal, an appeal normally being available only from the job rating itself, not the comments thereunder.
As to the allegations of discrimination, charges of discrimination must set forth in detail the alleged discriminatory conduct, the name of the party guilty of the discrimination, as well as the date and circumstances, and the name of the parties treated differently than .the complainant. State Civil Service Rule 13.11. Not only is this information not given, but Mrs. Bailey first states her supervisor (unnamed) treated her unfairly, and then (in another place in some twenty-five general allegations with little detail) states that she did not know who was her supervisor and was constantly misinformed as to who her supervisor in fact was. The overall allegations are far too loosely and inexactly stated to form the basis of a proper complaint of discrimination. See Legros v. Department of Public Safety, 364 So.2d 162 (La. App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979).
Thus, the appeal was the proper object of summary dismissal.
The judgment of the State Civil Service Commission is affirmed, at appellant’s cost.
AFFIRMED.