M. JOSEPH TIEMANN, Judge Pro Tempore.
Plaintiff, Willie Walker, appeals from the dismissal of his civil service appeal by the Jefferson Parish Personnel Board.[1] We reverse.
Walker is a civil service employee of the Parish of Jefferson, Department of Public Works-Sewerage. Walker has been on leave of absence since 1987 due to a work related injury. On December 1, 1988, Walker was given an unsatisfactory service rating and denied a merit pay raise. Walker filed a petition for appeal with the Jefferson Parish Personnel Board requesting a review of the unsatisfactory rating and denial of pay raise because “my alleged attendance problem is due to a work related injury and not due to any fault on my part.” The Personnel Board summarily denied the appeal. Walker then filed a Motion for Reconsideration and Alternatively to Amend Petition for Appeal, to allege the following:
... the absence upon which the unfavorable service rating was allegedly based was prompted by a work-related injury. It is appellant’s contention that he is being discriminated against because his absence has been induced by work-related injury for which he is receiving workmen’s compensation benefits and additionally because the denial of the pay raise is not in any way related to the merits of his employment.
After granting the motion to amend and after review of the amended petition, the Personnel Board again summarily dismissed Walker’s appeal for lack of subject matter jurisdiction.
Pursuant to the Jefferson Parish Personnel Rules, service ratings are not appeal-able to the Personnel Board until and unless they result in some form of appealable disciplinary action. Rule XII, Section 1.6.[2] *428 The denial of a merit raise, if due to discriminatory reasons, is such a disciplinary action. Rule IV, Section 2.2.[3]
The Jefferson Parish Personnel Board Rules of Procedure, Rule 1 requires that a petition for appeal state “clearly and concisely the action complained against, the date of its occurrence or the date that appellant learned thereof, the basis of the Board’s jurisdiction and the relief sought.” This rule does not require that the facts supporting the allegation of discrimination be set forth in detail, but only that the basis of the Board’s jurisdiction be stated. Compare State Civil Service Rule 13.11; Legros v. Department of Public Safety, Etc., 364 So.2d 162 (La.App. 1 Cir.1978); Goree v. Depart, of Corrections, Wade Corr. Ctr., 468 So.2d 829 (La.App. 1 Cir. 1985), writ not considered, 474 So.2d 1299 (La.1985); Bailey v. Dept. of H. & H. Resources, Etc., 460 So.2d 39 (La.App. 1 Cir. 1984). In this case, Walker’s amended petition makes a specific allegation that he was denied a merit raise due to discriminatory factors. It is his contention that he was refused the raise because he is collecting worker’s compensation and not because of any reasons related to the merits of his employment.
There are no stipulations of fact in the record and we see nothing therein from which the Personnel Board could decide whether the denial of Walker’s pay raise was due to the merits of his employment or to any discriminatory factors such as the collection of worker’s compensation benefits. Having made the allegation of discrimination, Walker is entitled to an eviden-tiary hearing to be given the opportunity to present evidence on the issue. Accordingly, we hold that the Personnel Board erred in ruling that Walker’s amended petition failed to invoke its jurisdiction and in summarily dismissing Walker’s appeal.
Because we find that the plaintiff in the ease sub judice is entitled to an evidentiary hearing, we need not address his argument that the Personnel Board may not dismiss an appeal on its own motion for lack of subject matter jurisdiction.
For the above assigned reasons, the judgment of the trial court is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.

. Our docket No. 89-CA-186 is the appeal taken from the first dismissal of Walker's appeal to the Personnel Board. Our docket No. 89-CA-251 is the appeal taken from the second dismissal. No. 89-CA-251 was consolidated with No. 89-CA-186 as they both relate to the same proceeding.

. Rule XII, Section 1.6 provides:
Since the implementation of the orderly pay raise policy set forth in 2.1 above, presupposes both the availability of funds and satisfactory work performance, it is obvious that the granting of the pay increases permitted under the section is not mandatory.
However, it shall be the policy of the Parish to grant pay raises in accordance with this plan to the greatest extent possible. When an employee is not granted a pay increase within one pay period of his Pay Raise Eligibility Date, he shall be furnished written reason or reasons for the failure to grant the increase and a copy of this statement shall be forwarded to the Personnel Department for inclusion in the employee's record. If an employee is not furnished written reason or reasons as required hereunder, or if the employee makes a specific allegation that he was denied a pay raise due to racial, religious, political or other discrimination unrelated to merit factors of employment, the employee may file a written appeal to the Personnel Board *428 within thirty (30) calendar days of the date on which he was denied a pay raise. The employee shall bear the burden of proof of his allegation. An employee who fails to appeal timely under this Rule shall have no further recourse. (Emphasis added).

. Rule IV, Section 2.2 provides:
Service ratings are management judgments by appropriate supervisory authority and are not appealable to the Personnel Board until and unless they result in some form of appealable disciplinary action specified elsewhere in these Rules.