STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1034

MARK MALOUSE

VERSUS

LOUISIANA DEPARTMENT OF HEALTH-OFFICE OF PUBLIC
HEALTH

Judgment Rendered: **FEB 2 1 2020**

* * * * * * *

On Appeal from the State Civil Service Commission,
State of Louisiana
No. 18506

The Honorable David Duplantier, Chairman;
D. Scott Hughes, Vice-Chairman;
John McLure, G. Lee Griffin, Ronald M. Carrere,
C. Pete Fremin, and Jo Ann Nixon; Members
Byron P. Decoteau, Jr., Director

* * * * * * *

Keith R. Credo
Metairie, Louisiana

Attorney for Plaintiff/Appellant,
Mark Malouse

Neal R. Elliott, Jr.
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Louisiana Department of Health-
Office of Public Health

Sherri Gregoire
Baton Rouge, Louisiana

Attorney for Byron P. Decoteau, Jr.,
Director, Department of State Civil
Service

* * * * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Mark Malouse appeals a decision of the Louisiana Civil Service Commission ("Commission"), which denied his application for review of a March 18, 2019 referee's decision. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Malouse is employed by the Louisiana Department of Health-Office of Public Health ("LDH-OPH") and serves with permanent status as a Pharmacist 3. He received an overall evaluation of "Needs Improvement/Unsuccessful" on his Performance Evaluation System Planning and Evaluation ("PES") for the period of July 1, 2017 through June 30, 2018. The PES contained the following comments:

> Mark often delays in completing work tasks which does not support a team like atmosphere with all co-workers. Prior to Mark taking annual and military leave in August 2017, I questioned him in regards to the status of his work …. I contacted HR to inquire whether annual leave could be denied due to an employee not completing work and … was told … that we could deny annual leave because his work was not complete and if he decided to leave it would be leave without pay …. I relayed the information from HR to Mark regarding his leave and the completion of his work …. His delaying to complete work leaves behind an additional workload for other pharmacists to complete in his absence, which does not support the overall office goals of a team like atmosphere.

Mr. Malouse sought an agency review of his PES. On October 12, 2018, Mr. Malouse received a copy of the decision of the agency reviewer to affirm the overall evaluation of "Needs Improvement/Unsuccessful," and thereafter he requested a director's review. On November 14, 2018, the Director rendered a final decision upholding the rating rendered by the agency reviewer. Mr. Malouse thereafter filed an appeal to the Commission of "the Directors [*sic*] final decision based on discrimination based on Political/Military affiliation in [his] annual evaluation pursuant to Rule 13.10(b), also on violation of USERRA, 20 CFR Chapter IX, Part 1002, *et. seq.*" He alleged that he was denied annual leave, which he had accumulated in order to prepare to leave for his military deployment. As

2

relief, he requested that the PES for the period of July 1, 2017 through June 30, 2018 be vacated, and the evaluation be reported as "Not Evaluated." He also requested that "investigations be conducted as to USERRA abuse and violations of Rule 6.5, and that [his] salary be adjusted."

On January 18, 2019, the Commission mailed a notice of possible defects in the appeal to Mr. Malouse. The Commission advised Mr. Malouse that it did not appear he had a right of appeal as to the Director's decision on his PES, and that he failed to adequately explain why his military service was the basis for discrimination based upon his "political" beliefs. The Commission also questioned whether Mr. Malouse filed his appeal timely as to the denial of his leave in August 2017 for the alleged reason of discrimination based upon his "political" beliefs. Finally, the Commission advised that it lacked jurisdiction over Mr. Malouse's allegations that LDH-OPH violated USERRA 20 CFR Chapter IX, Part 1002, *et seq.* The Commission gave Mr. Malouse fifteen calendar days to show cause in writing, with supporting documentation, as to why his appeal should not be dismissed.

On January 30, 2019, Mr. Malouse, through his counsel, submitted additional information to clarify the alleged defects and supplemented the appeal. He emphasized that his appeal was filed pursuant to Civil Service Rule 13.10(b), not 13.10(c), and argued that evaluations are appealable if the decision is based on discrimination. He set forth the following examples to support his belief that the unfavorable evaluation was discrimination against him for his political beliefs:

1. In the past his supervisor specifically told him "this drill stuff is just too much" and his support of the military was too disruptive;

2. The only annual leave ever denied anyone in the department was the annual leave he requested to prepare for military deployment. He specifically recalled being told that a co-worker was taking two weeks of leave to go to Disney World and everyone had to pick up the slack, while his request for leave for military service was described as "dumping" work on his fellow employees;

3. Supervisors have in the past used derogatory language referring to military leave as "playing soldier." He has been told, "we pay you good money and you should be here and should not be out playing soldier."

4. He has been told on several occasions that no one else in the department takes military leave, and his use of military leave was destroying the morale of the department.

5. For some time, his supervisors told him his political belief in support of the military and volunteering for duty was bad for the department. He was specifically asked not to volunteer for any service, but to limit his service to mandatory deployments.

6. His supervisors have gone so far as to ask the Human Resource department if they could deny military leave, as well as annual leave. He believes his supervisors retaliated against him with unsatisfactory evaluations, as political statement against the military.

With regard to the timeliness of the appeal, he asserted that the evaluation did not become final until November 14, 2018, and therefore his appeal filed December 12, 2018, was timely. Mr. Malouse acknowledged that the Commission did not have jurisdiction over a USERRA claim.

The Commission referee rendered a decision on March 18, 2019. The referee recognized that pursuant to Civil Service Rule 13.10, an employee appealing any action other than a removal or a disciplinary action only has a right of appeal to the Commission if the employee alleges that he/she has been adversely affected by the violation of the Civil Service Rules or Article or has been discriminated against because of religious or political beliefs, sex, or race. The referee further noted that Civil Service Rule 13.11 requires that claims of discrimination and/or rule violations be supported by specific and detailed factual allegations. The referee concluded that Mr. Malouse's appeal did not appear to comply with Civil Service Rules 13.10 and 13.11, and that he failed to establish any causal link to show that the agency discriminated against him for "political" reasons merely because he was in the military. The referee further noted that Civil Service Rule 13.10(c) states that a state classified employee may appeal a violation

4

of any civil service rule other that a rule in Chapter 10, and that Civil Service Rule 10.12 (contained in Chapter 10) provides that the Director of State Civil Service's decision as to an overall evaluation on an employee's PES shall be final. The referee therefore concluded that pursuant to Civil Service Rules 10.12, 13.10, and 13.11, Mr. Malouse failed to state a right of appeal as to the Director's final decision on his overall evaluation. Accordingly, the referee summarily dismissed this portion of the appeal.

The referee then separately addressed the allegation made by Mr. Malouse in his appeal that he was denied annual leave in August 2017 on the basis of his military service. The referee concluded that at the latest, his leave was denied on August 31, 2017. Noting that Civil Service Rule 13.12(a)(2) requires that Mr. Malouse's appeal be filed within thirty (30) calendar days after he learned or became aware that his leave request had been denied, and that Mr. Malouse filed his appeal on December 12, 2018, the referee concluded that the appeal was untimely, and summarily dismissed this portion of the appeal. In light of his ruling that Mr. Malouse's appeal was untimely as to the denial of his leave in August 2017, the referee did not reach the issues of whether Mr. Malouse otherwise established a right of appeal to the Commission or whether the Commission has jurisdiction over violation of a USERRA claim.

Thus, the referee dismissed Mr. Malouse's appeal in its entirety.

On March 29, 2019, Mr. Malouse requested a review of the referee's decision. On May 1, 2019, the Commission denied Mr. Malouse's application for review of the referee's decision. Mr. Malouse then filed the instant appeal.

## ASSIGNMENTS OF ERROR

Mr. Malouse contends that the referee erred in the following respects:

1. By treating his claim as one from an unfavorable review, rather than one of discrimination; and

5

2. By construing the balance of his claim as being a complaint of the denial of leave, in order to dismiss the claim as untimely rather than conducting an evidentiary hearing on the merits of the claim.

## STANDARD OF REVIEW

Generally, decisions of Civil Service Commission Referees are subject to the same standard of review as decisions of the Commission itself. *Ragona v. Louisiana Workforce Commission*, 2019-0020 (La. App. 1 Cir. 9/27/19), __So. 3d __, 2019 WL 4729513, *3. The factual conclusions of the Referee and Commission are subject to the manifest error standard of review, meaning that the factual determinations will be reversed only if the appellate court finds that a reasonable basis does not exist for the Commission's finding and the record establishes the finding is clearly wrong. *Cole v. Division of Administration*, 2014-0936 (La. App. 1 Cir. 1/26/15), 170 So. 3d 180, 184, writ not considered, 2015-0401 (La. 5/1/15), 169 So. 3d 367.

## LAW AND DISCUSSION

State Civil Service Rule 13.10 provides that the only persons who have a right of appeal to the Commission are:

(a) a state classified employee with permanent status who has been removed or subjected to one of the disciplinary actions listed in Rule 12.2(b)[1];

(b) a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex or race; or

(c) a state classified employee who has been adversely affected by a violation of any provision in the Civil Service Article or of any Civil Service Rule other than a rule in Chapter 10.

Rule 13.11(d) requires that a notice of appeal:

Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the

---

[1] Rule 12.2(b) provides that an appointing authority may discipline or remove a permanent employee for cause.

6

appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:

1. the date, time and place the discriminatory action took place;

2. the name of the person or agency alleged to have taken the discriminatory action;

3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;

4. the names of other persons treated differently and the dates the different treatment occurred;

5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.

Pursuant to Rule 13.12(a), an appeal must be filed within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred. Rule 13.12(c) provides that no appeal shall lie against any action following the expiration of three hundred sixty-five (365) calendar days from the date on which it occurred.

Chapter 10 of the Civil Service Rules is entitled "Performance Evaluation System." Rule 10.8 establishes the effects of the "Needs Improvement/ Unsuccessful" Evaluation, providing in pertinent part that:

(a) An evaluation of "Needs Improvement/Unsuccessful" is not a disciplinary action. . . .

(d) Permanent employees shall have a right to request a review in accordance with the provisions of rules 10.11 and 10.12.

Rule 10.11(a) allows a permanent employee who receives an overall performance evaluation of "Needs Improvement/Unsuccessful" to request an official review of that evaluation by an Agency Reviewer(s). Pursuant to Rule 10.12, a permanent employee who receives an overall evaluation of "Needs Improvement/ Unsuccessful" following an Agency Review may request to have his performance

file reviewed by the Director or the Director's designee. Civil Service Rule 10.12(a). The Director may either affirm the overall evaluation or change the overall evaluation to "Unrated." The Director's decision shall be final. Civil Service Rule 10.12(c).

Mr. Malouse contends that his is not an appeal under Rule 13.10(c), but rather an appeal under 13.10(b). According to Mr. Malouse, he is appealing the decision of the Director to confirm an unfavorable evaluation that was based on discrimination. He also asserts that the underlying discriminatory reason for the unfavorable evaluation and the denial of accumulated leave was not examined, despite the constitutional and administrative provisions for addressing claims of discrimination.

Charges of discrimination must set forth in detail the alleged discriminatory conduct, the name of the party guilty of the discrimination, as well as the date and circumstances, and the name of the parties treated differently than the complainant. See State Civil Service Rule 13.11(d); *Bailey v. Department of Health & Human Resources, Office of Family Sec.*, 460 So. 2d 39, 40 (La. Ct. App. 1984). The Commission referee correctly found that Mr. Malouse failed to establish that his unfavorable evaluation was based on discrimination for "political" reasons merely because he was in the military. The comments after the overall evaluation of "Needs Improvement/Unsuccessful" made a limited reference to Mr. Malouse's military status; however, the comments do not constitute the basis of an appeal, an appeal normally being available only from the job rating itself, not the comments thereunder. *Bailey*, 460 So. 2d at 40.

Mr. Malouse also contends that the referee erred by construing his complaint as the denial of leave. He argues that this is not a claim for denial of leave, but rather a claim of continuing discrimination based on political beliefs, with the denial of leave in 2017 as merely an illustration of the discrimination. Mr.

8

Malouse supplemented his appeal with additional examples of alleged discrimination, but failed to identify the dates that any of these actions took place. These additional allegations are far too loosely and inexactly stated to form the basis of a proper complaint of discrimination. See *Bailey*, 460 So. 2d at 40.

We find, based on the record in the instant case, that with regard to the unfavorable evaluation, Mr. Malouse has merely made a conclusion that it was based upon discrimination because of his political beliefs. See *Ragona*, 2019 WL 4729513 at *4. We further find that Mr. Malouse has failed to allege in detail sufficient facts to support the conclusion of discrimination in connection with any other actions complained of, or that his appeal was made within three hundred sixty-five calendar days from the date on which the action occurred. See State Civil Service Rule 13.11(d), 13.12(c).

After our review of the entire record, we find that the referee's dismissal of Mr. Malouse's appeal was not clearly wrong.

## CONCLUSION

Accordingly, the decision of the Louisiana Civil Service Commission denying Mark Malouse's application for review is affirmed. All costs of this appeal are assessed against Mark Malouse.

**AFFIRMED.**