HECTOR MAES

VERSUS

JEFFERSON PARISH DEPARTMENT OF
EMERGENCY MANAGEMENT PERSONNEL
BOARD

NO. 21-CA-191

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH PERSONNEL BOARD
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-4,
RUFUS C. HARRIS, III, CHAIRMAN, MICHAEL L. FANTACI, AND
DANIEL R. MARTINY, BOARD MEMBERS PRESIDING

November 24, 2021

**FREDERICKA HOMBERG WICKER
JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Robert A. Chaisson

**JUDGMENT VACATED; MATTER REMANDED**
    **FHW**
    **SMC**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
HECTOR MAES
Jessica M. Vasquez

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH DEPARTMENT OF EMERGENCY MANAGEMENT
Crystal M. Heine

**WICKER, J.**

Appellant, Hector Maes, seeks review of the March 11, 2021 Jefferson Parish Personnel Board judgment summarily dismissing his petition for appeal of his employment termination without an evidentiary hearing. For the following reasons, we find Maes, a probationary or working test period employee, failed to sufficiently allege in his petition that his termination was the result of discrimination in accordance with Jefferson Parish Personnel Board Rule II, Section 4.3. However, we find that Maes should be afforded the opportunity to amend his petition to properly state his cause of action for discrimination. Accordingly, we vacate the Board's judgment and we remand this matter to allow Maes to amend his petition for appeal.

The record reflects that, on January 19, 2021, the Director of Jefferson Parish Department of Emergency Management (JPDEM) sent a certified letter to Maes, terminating his employment. In the termination letter, JPDEM set forth that Maes was hired on February 15, 2020 as an Emergency Management Coordinator II. The letter further set forth that on January 15, 2021, while Maes remained in his probationary or working test period[1], JPDEM conducted an employment performance evaluation and determined that Maes was performing at an overall rating of "Below Expectations." The letter referenced that Maes' performance evaluation reflected that Maes produced inaccurate accountability reports and missed 13 work days during his probationary period, failing to notify his supervisor of absences or tardiness in advance. The letter informed Maes of his opportunity to appeal his termination to the Jefferson Parish Personnel Board.

On February 18, 2021, Maes filed a "Petition for Appeal to Personnel Board," appealing his dismissal or termination of employment. In his petition,

---

[1] The termination letter indicates that, on July 28, 2020, Maes' probationary or working test period was extended.

Maes alleged that JPDEM's January 15, 2021 performance evaluation was "misleading to manufacture just reason for termination." Maes checked the box to indicate that petitioner alleged discrimination as a reason for his termination and attached a typed letter setting forth his allegations concerning discrimination. In his attachment, Maes alleged that on July 23, 2020, his supervisor, "Director Valiente," arrived to his home to do a wellness check. Maes alleged that, at that time, he confided in his supervisor that he suffered "issues" from PTSD related to his military service.

Maes alleged that he later learned from a named co-worker that Director Valiente called a meeting with other employees within two hours after Director Valiente left Maes' home, and divulged Maes' PTSD condition to other employees. Maes alleged he was humiliated when he learned that his supervisor had divulged this information to his coworkers and noticed his coworkers treating him differently thereafter. Maes alleged that after he informed Director Valiente of his PTSD diagnosis, Director Valiente "was proactive in searching for reasons to devalue my performance."[2] Maes further alleged that, after he disclosed his PTSD diagnosis, Director Valiente consistently attempted to convince Maes to resign from his position. Maes concluded the allegations in his petition for appeal by stating that he had never been offered any accommodations for his "medical disability" but that he had generally "been discriminated against because two other coworkers have medical conditions, and they were provided with accommodations."

On March 11, 2021, the Personnel Board summarily dismissed Maes' petition for appeal, finding that as a probationary employee, Maes did not have a

---

[2] Maes provided an example of another named individual, who worked with Maes at a Covid-19 testing center, who informed Maes that Director Valiente questioned him about Maes' performance at the center and stated that the "form of questioning came out of nowhere and [that] Mr. Valiente was probing [him] for a negative response."

guaranteed appeal right. The Board found that Maes did not sufficiently plead termination based on discrimination in his petition as required by Jefferson Parish Personnel Rules, Rule II, Section 4. This appeal follows.

The Jefferson Parish home rule charter established the Jefferson Parish Personnel Board and provides that it shall be "policy-making and quasi-judicial in nature." Jefferson Parish Charter, Art. 4, Section 4.03(C). In Jefferson Parish, aggrieved regular public employees may apply to the Personnel Board for a review of discharge or other disciplinary action to test the reasonableness of that action, at which time the appointing authority bears the burden of proving legal cause. Jefferson Parish Personnel Rules, Rule II, Section 4; *Robinson v. Jefferson Par. Dep't of Pub. Works-Drainage*, 13-474 (La. App. 5 Cir. 12/19/13), 131 So.3d 433, 438; *Bruno v. Jefferson Par. Libr. Dep't*, 04-504 (La. App. 5 Cir. 11/30/04), 890 So.2d 604, 607; *see also Walker v. Dep't of Pub. Works Sewerage*, 549 So.2d 426, 428 (La. Ct. App. 1989).

The Jefferson Parish Personnel Rules of Procedure, Rule II, Section 4.4 states that a probationary or working period employee "shall have a right of appeal to the Board; provided, that he specifically alleges that the action appealed from resulted from discrimination due to race, color, national origin, sex, religion, age, disability, politics, or other specified cause unrelated to merit-employment considerations." Rule II, Section 4.3 provides that an employee's appeal alleging discrimination must be set forth in detail, and that the petitioner bears the burden of pleading discrimination with specificity. The Rule, however, further provides that the "specific facts required will vary depending on the nature of the appeal."

Jefferson Parish Personnel Rules, Rule II, Section 4.3 provides:

> Where discrimination or retaliation, including a violation of the Charter or a Personnel Rule, is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination or retaliation must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient

detail to enable the agency to prepare a defense. A conclusion of discrimination or retaliation is not sufficient. The types of facts which must be included are: (a) the date, time and place the discriminatory or retaliatory action took place; (b) the name of the person or agency alleged to have taken the discriminatory or retaliatory action; (c) a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently; (d) the names of other persons treated differently and the dates the different treatment occurred; (e) a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.

Upon review of Maes' Petition for Appeal and the applicable Jefferson Parish Personnel Rules, we find that Maes' petition fails to sufficiently plead allegations of discrimination to comply with the specificity required by the Jefferson Parish Personnel Rules. Specifically, Maes failed to state "the names of other persons treated differently and the dates the different treatment occurred" as well as a specific "description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently" to allow JPDEM to adequately prepare a defense to Maes' discrimination claim.

Nevertheless, given the language in Rule 4.3 that the "specific facts required [to be pled] will vary," we find that the Personnel Board erred in summarily dismissing Maes' petition without affording him the opportunity to amend his petition to properly plead his discrimination claim.[3]  Accordingly, we vacate the appealed judgment and remand this matter to allow Maes the opportunity to amend his petition to properly plead a discrimination claim in an amended petition for appeal.

**JUDGMENT VACATED;
MATTER REMANDED**

---

[3] We find the Board's summarily dismissing a petition for appeal is akin to a finding on an exception of no cause of action.  Upon our review of this matter, we find the Board erred in summarily dismissing Maes' petition without affording him the opportunity to amend his petition to properly state a cause of action.  *See* La. C.C.P. art. 934.

21-CA-191                                                    4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-191

**E-NOTIFIED**
JEFF PARISH PERSONNEL BOARD (CLERK)
JESSICA M. VASQUEZ (APPELLANT)          CRYSTAL M. HEINE (APPELLEE)

**MAILED**
JEFFERSON PARISH PERSONNEL BOARD
(DISTRICT JUDGE)
200 DERBIGNY STREET
SUITE 3100
GRETNA, LA 70053